592 F.2d 1015
 Donna Jean ROBBINS and Kester Gene Robbins, Appellants,
v.
The DISTRICT COURT OF WORTH COUNTY, IOWA, The Honorable John
F. Stone, Judge of the Worth County District Court, Grace
Christensen, Director of the Social Service for Worth
County, and Clifford L. Reyerson, Clerk for Worth County
District Court, Appellees.
 No. 78-1604.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1979.
Decided Feb. 21, 1979.
 
 Yale H. Iverson, Des Moines, Iowa, for appellants.
 Stephen Robinson, Asst. Atty. Gen., Des Moines, Iowa, for appellees; Richard C. Turner, Atty. Gen. and Lorna L. Williams, Asst. Atty. Gen., Dept. of Justice, Legal Services, Dept. of Social Services, Des Moines, Iowa, on brief.
 Before ROSS and McMILLIAN, Circuit Judges, and VAN SICKLE, District Judge.*
 ROSS, Circuit Judge.
 
 
 1
 This is an appeal from the district court's[1] dismissal of a civil rights action brought under 42 U.S.C. § 1983, on the ground that appellants' claims were barred by the doctrine of Res judicata. We affirm.
 
 
 2
 The parental rights of appellants, Donna Jean and Kester Gene Robbins, were terminated in 1973 by the District Court of Worth County, Iowa. This action was taken after three hearings, on the issue of the Robbins' fitness as parents, revealed that conditions in their home remained deplorable despite three years and over 1000 hours of assistance and guidance by the Iowa Homemaker Health Aide Service.[2] The Iowa state district court based its decision on two sections of Iowa's termination statute, one of which was not pleaded in the petition. Appellants appealed to the Iowa Supreme Court. That court agreed that appellants were denied procedural due process because the district court found a basis for termination not alleged in the petition.[3] However the supreme court found sufficient evidence of the Robbins' repeated refusal to give their children necessary parental care and protection to justify termination.[4] This section had been pleaded and was relied upon alternatively by the state district court in ordering termination. Appellants did not appeal the Iowa Supreme Court's decision to the United States Supreme Court. Instead they filed this § 1983 action in federal district court.
 
 
 3
 Appellants make several arguments in support of their contention that their parental rights were unjustly and unconstitutionally terminated.[5] Only one of these issues was raised and resolved by the Iowa Supreme Court. Appellants' chief argument is that the section of the Iowa termination statute under which termination was ultimately justified is unconstitutional.[6]
 
 
 4
 The federal district court granted appellees' motion to dismiss on the ground that appellants' § 1983 action was barred by the doctrine of Res judicata, known in Iowa as claim preclusion. Appellants appeal the dismissal of their claim.
 
 
 5
 In Green v. American Broadcasting Companies, Inc., 572 F.2d 628, 632 (8th Cir. 1978) we held that an issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action. Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action. To determine whether the causes of action are the same in each lawsuit we examine whether or not the primary right and duty, and the delict or wrong are the same in each action. Engelhardt v. Bell & Howell Co., 327 F.2d 30, 32 (8th Cir. 1964). An application of the principle of Res judicata additionally requires that the parties in both lawsuits have a close relationship, bordering on near identity, since the second claim is entirely barred by the application of Res judicata. Green v. American Broadcasting Companies, Inc., supra, 572 F.2d at 631.
 
 
 6
 While Green v. American Broadcasting Companies, Inc., supra, did not involve constitutional issues, this circuit and several other circuits have held that the principle of Res judicata applies to § 1983 actions and operates as a bar to the relitigation of constitutional issues actually raised as well as to constitutional issues that could have been raised in a prior lawsuit if the second suit concerns the same operative nucleus of fact. Goodrich v. Supreme Court of South Dakota, 511 F.2d 316, 318 (8th Cir. 1975); Jenson v. Olson, 353 F.2d 825, 827 (8th Cir. 1965); Rhodes v. Meyer, 334 F.2d 709, 716 (8th Cir. 1964); Scoggin v. Schrunk, 522 F.2d 436, 437 (9th Cir. 1975), Cert. denied, 423 U.S. 1066, 96 S.Ct. 807, 46 L.Ed.2d 657 (1976); Blankner v. Chicago, 504 F.2d 1037, 1042 (7th Cir. 1974), Cert. denied, 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed.2d 101 (1975); Lovely v. Laliberte, 498 F.2d 1261, 1263 (1st Cir.), Cert. denied, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).
 
 
 7
 Applying these principles to the instant case it is apparent that the parties to the termination proceedings in the Iowa state courts and the § 1983 action are identical. Donna Jean and Kester Gene Robbins resisted termination of their parental rights in the Iowa state courts and presently complain that their civil rights were violated by the termination. It is equally apparent that the causes of action in each proceeding are the same. Appellants argued in state court as they do here that their parental rights were unjustly and unconstitutionally terminated. Thus their § 1983 action is based on the same nucleus of operative fact before the Iowa courts. Appellants had the opportunity to raise these issues before the Iowa Supreme Court and having failed to do so cannot now attempt to circumvent the doctrine of claim preclusion by merely alleging a different theory of recovery where the actions arise out of the same transaction. Gatzemeyer v. Vogel, 589 F.2d 360 (8th Cir. 1978).
 
 
 8
 The judgment of the district court is hereby affirmed.
 
 
 
 *
 The Honorable BRUCE M. VAN SICKLE, United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 Honorable Edward J. McManus, Chief United States District Judge for the Northern District of Iowa, presiding
 
 
 [2]
 See In the Interest of Robbins, 230 N.W.2d 489 (Iowa 1975) for a more exhaustive discussion of the evidence as regards the issue of appellants' fitness as parents
 
 
 [3]
 In the Interest of Robbins, supra, 230 N.W.2d at 491. Iowa Code Ann. § 232.41(2)(e) (repealed 1976) relied upon by the Iowa district court provided in pertinent part:
 The court may upon petition terminate the relationship between parent and child:
 
 
 [2]
 If the court finds that one or more of the following conditions exist:
 c. That following an adjudication of neglect or dependency, reasonable efforts under the directions of the court have failed to correct the conditions leading to the termination.
 
 
 [4]
 Iowa Code Ann. § 232.41(2)(b) (repealed 1976) which had been pleaded and was relied upon by the Iowa district court and the Iowa Supreme Court in affirming the order of termination provided in pertinent part:
 The Court may upon petition terminate the relationship between parent and child:
 
 
 [2]
 If the Court finds that one or more of the following conditions exist:
 b. That the parents have substantially and continuously or repeatedly refused to give the child necessary parental care and protection.
 
 
 [5]
 The appellants urged the federal district court to determine whether: (1) they were denied due process in the termination proceedings; (2) the state courts applied a constitutionally impermissible standard in terminating parental rights; (3) Iowa Code Ann. § 232.41 (the entire termination statute, repealed 1976) violates substantive due process guarantees; (4) the evidence justifies termination; and (5) the defendants failed to exhaust less drastic alternatives to termination
 
 
 [6]
 Supra, note 4