**UNIMEX, INC. and Randolph Gillum, Plaintiffs-Appellants,**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants-Appellees.**

No. 77–1579.

United States Court of Appeals, Fifth Circuit.

May 11, 1979.

George Solares, Frank P. Hernandez, Garland, Tex., for plaintiffs-appellants.

Kenneth J. Mighell, U. S. Atty., Elizabeth Langer, Leonard Schaitman, Attys., Barbara Allen Babcock, Asst. Atty. Gen., Dina R. Lassow, Civil Div., Economic Litigation Sect., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GODBOLD, Circuit Judge, SKELTON,[*] Senior Judge, and RUBIN, Circuit Judge.

PER CURIAM:

This appeal requires us to decide only whether the United States has waived its sovereign immunity, and thus consented to be sued in this case. The appellants, Unimex, Inc., a Texas corporation, and Randolph Gillum, filed suit against the United States Department of Housing and Urban Development, Carla A. Hills, then Secretary of HUD, and R. M. Hazlewood, of the Fort Worth Federal Housing Administration office, alleging racial discrimination[1] in the processing of an application for a subsidized mortgage for a large housing project. See 12 U.S.C. § 1715l(d)(3). The complaint alleged that the appellants were forced to accept a less favorable mortgage rate from the Federal Housing Administration because Unimex, Inc. is owned and controlled by Mexican-Americans. The plaintiffs sought nearly $12,000,000 in damages from the defendants. The district court dismissed the complaint for a variety of reasons. Because we find that the United States has not waived its sovereign immunity in cases such as this, we affirm for that reason alone, and do not reach the district court's other grounds for dismissal.

The direct claims against HUD are barred by sovereign immunity because the United States has not consented to suit under the civil rights statutes. Penn v. Schlesinger, 5 Cir. 1973, 490 F.2d 700, 703–04, rev'd on other grounds, 5 Cir. en banc, 1974, 497 F.2d 970, cert. denied, 1976, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385; Beale v. Blount, 5 Cir. 1972, 461 F.2d 1133. The mere fact that federal legislation protects these rights does not imply that the United States has waived its immunity. See United States v. Testan, 1976, 424 U.S. 392, 400–01, 96 S.Ct. 948, 954, 47 L.Ed.2d 114, 122. While the appellants cited Section 1702[2] of the National Housing Act, 12 U.S.C. § 1702, which waives sovereign immunity for actions arising under that Act, the complaint did not assert, either expressly or by inference, any violation of that Act. See FHA, Region No. 4 v. Burr, 1940, 309 U.S. 242, 244–246, 60 S.Ct. 488, 490–91, 84 L.Ed. 724, 728–29. Cf. Keifer & Keifer v. Reconstruction Finance Corp., 1939, 306 U.S. 381, 389–92, 59 S.Ct. 516, 517–19, 83 L.Ed. 784, 788–90.

The claims asserted against Hills and Hazlewood are in reality suits against the sovereign: each official was sued in an official capacity;[3] the complaint does not

---

[*] Senior Judge of the United States Court of Claims, sitting by designation.

1. The complaint alleged violations of 42 U.S.C. §§ 1981, 1982, and 1986.

2. 12 U.S.C. § 1702 provides, in pertinent part: The Secretary shall, in carrying out the provisions of this subchapter and [other] subchapters . . . of this chapter, be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

3. Because the officials were sued in their official capacities only, the determination of this case will not operate as a collateral estoppel in any further suit for damages that may be brought against Hills or Hazlewood solely in their private capacities. See Larson v. Domestic & Foreign Commerce Corp., 1948, 337 U.S.

allege any specific misconduct by either of them in his or her private capacities; and the monetary damages, if awarded, would be paid from the public fisc. *Dugan v. Rank,* 1963, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15, 23; *Land v. Dollar,* 1947, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209, 1216; *Carter v. Seamans,* 5 Cir. 1969, 411 F.2d 767, 770, *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121. The claims against the officials are barred, therefore, unless one of the two exceptions to sovereign immunity applies. *See Larson v. Domestic & Foreign Commerce Corp.,* 1948, 337 U.S. 682, 689–90, 69 S.Ct. 1457, 1461–62, 93 L.Ed. 1628, 1635–36; *Martinez v. Marshall,* 9 Cir. 1977, 573 F.2d 555, 560; *Petterway v. Veteran's Administration Hospital,* 5 Cir. 1974, 495 F.2d 1223, 1225.

■ Neither exception is applicable here. No contention is made that the basis for either official's authority to act on the mortgage application is unconstitutional. *Ex parte Young,* 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714. It is not contended that either acted *ultra vires* the powers conferred on her or him by statute; even if it were, that claim would entitle the plaintiff to specific relief [4] only, and not to monetary damages. *Larson, supra,* 337 U.S. at 691 and n.11, 69 S.Ct. at 1462 and n.11, 93 L.Ed. at 1636 and n.11. *See also* 5 U.S.C. § 702. Because only monetary and exemplary damages were sought in the complaint, that exception does not apply.

We therefore AFFIRM the decision of the district court dismissing the complaint on the basis of sovereign immunity; we need not consider the appellants' other claims of alleged error.

AFFIRMED.

682, 695, 69 S.Ct. 1457, 1464, 93 L.Ed. 1628, 1638. *Accord, Hudspeth Cty. Conserv. & Recl. Dist. No. 1 v. Robbins,* 5 Cir. 1954, 213 F.2d 425, 432, *cert. denied,* 348 U.S. 833, 75 S.Ct. 56, 99 L.Ed. 657. We express no view, however, on the applicability of the doctrine of official immunity. *See generally Butz v. Economou,* 1978, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895.

4. The Supreme Court has defined "specific relief" as including "the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions." *Larson, supra,* 337 U.S. at 688, 69 S.Ct. at 1460, 93 L.Ed. at 1635.