**Teresa L. HEADLEY, Plaintiff,**

v.

**Howard BACON, et al., Defendants.**

**No. CV86–L–146.**

United States District Court,
D. Nebraska.

Nov. 13, 1986.

Thom K. Cope of Bailey Polsky, Cada, Todd & Cope, Lincoln, Neb. and George Clough, North Platte, Neb. for plaintiff.

Kenneth H. Elson, Grand Island, Neb. and D. Steven Leininger of Luebs, Dowding, Beltzer, Leininger, Smith and Busick, Grand Island, Neb., for defendants.

## MEMORANDUM AND ORDER

URBOM, District Judge.

The plaintiff is a former police officer with the Grand Island Police Department. The defendant, Howard Bacon, is and was at all relevant times the Chief of Police for the City of Grand Island and the ultimate superior officer. The defendant, Burnell Shum, is and was at all relevant times a Lieutenant in the Grand Island Police Department and was the plaintiff's supervisor and training officer. The defendant, Gary Piel, is and was at all material times the Deputy Chief of Police for the City of Grand Island. Filing #18, at 4–5. The plaintiff alleges that during her employment with the police department, the defendants violated her constitutionally protected rights of free speech, equal protection, and due process. The plaintiff also alleges that the defendants conspired to deny her these constitutional guarantees and that all the aforementioned actions constituted violations of 42 U.S.C. § 1982 and § 1983.

The defendants filed a motion for summary judgment and attached an affidavit and other competent evidence in support of the motion. The defendants argue that this case is precluded by the doctrine of res judicata, since the plaintiff prevailed in a prior Title VII suit brought against the City of Grand Island for sexual harassment, retaliation, and constructive discharge.

The plaintiff also filed a motion for partial summary judgment and attached an affidavit and other competent evidence. The plaintiff seeks a determination that based on the findings of fact contained within the memorandum of *Headley v. City of Grand Island*, No. CV83–L–760 (D.Neb. Dec. 13, 1985), that defendants are variously responsible for violations of the first, fifth, and fourteenth amendments.

### I.

In ruling on a motion for summary judgment "the facts and inferences which may be derived therefrom must be viewed in a light most favorable to the nonmoving party, and the burden is on the movant to establish that no genuine issue of material fact remains and that the case may be decided as a matter of law." *Fields v. Gander*, 734 F.2d 1313, 1314 (8th Cir.1984). The United States Supreme Court determined that summary judgment is authorized "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Sartor v. Arkansas National Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944).

### II.

The doctrine of res judicata provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). The parties agree that this court may take judicial notice of the proceedings in *Headley v. City of Grand Island*, No. CV83–L–760 (D.Neb. Dec. 13, 1985) (Hereinafter referred to as *Headley I*) [Available on WESTLAW, DCT database]. Since there is no dispute that a final judgment on the merits exists in *Headley I*, there are two issues which remain in resolving the applicability of res judicata. First, whether the claim presently presented was asserted in *Headley I*. Second, whether the parties in this suit are identical to or in privity with the parties in the previous suit.

### III.

In *Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir.1982), the Eighth Circuit Court of Appeals relied on the standard articulated in the Restatement (Second) of Judgments for determining the identity of claims. The Restatement (Second) looks to whether the claim arose from the same transaction or a series of transactions. A transaction connotes a common nucleus of operative facts. Moreover, a single transaction may be involved although several

harms, substantive theories, or types of relief are implicated:

"In the more complicated case where one act causes a number of harms to, or invades a number of different interests of the same person, there is still but one transaction; a judgment based on the act usually prevents the person from maintaining another action for any of the harms not sued for in the first action.

That a number of different legal theories casting liability on an action may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kind of relief."

*Id.* at 1106, n. 5 (quoting the Restatement (Second) of Judgments § 24, Comment C (1982)).

█ I find, as a matter of law, that the present suit arose out of the same nucleus of operative facts as the former action. First, the plaintiff argues that in *Headley I* this court found that Piel and Bacon retaliated against the plaintiff because she filed EEOC charges; thus, she asserts, the defendants violated the plaintiff's right of free speech. The plaintiff also argues that this court previously found the plaintiff was constructively discharged; thus, the plaintiff claims, she was denied pretermination procedural due process. Additionally, the plaintiff contends that this court determined that the plaintiff was a victim of sexual harassment in her work place; thus, she contends, the defendants violated the plaintiff's right to equal protection. Lastly, the plaintiff argues that the deprivations suffered at the hands of the defendants were committed under color of law; thus, violations of section 1983 were established in the prior suit.

Moreover, the plaintiff asserts that "the conduct which lead to the legal conclusion of sex discrimination [in the former action] also violated [the plaintiff's] constitutional rights ... [Therefore,] the findings of this Court in Headley No. 1 are no longer at issue and are applicable to the instant case." Plaintiff's Brief in Support of Motion for Partial Summary Judgment, at 10. The plaintiff is right about those assertions. Both cases arise from the same factual setting. The result, though, is that the two cases are actually the same claim for purposes of res judicata.

Second, this court notes that the plaintiff advances inconsistent arguments in her brief in opposition to the motion for summary judgment as compared to her brief in support of the motion for partial summary judgment. In her brief in support of the motion for partial summary judgment, the plaintiff contends that the she was entitled to pretermination due process because she had a "property interest" in her employment position and although "this would be a fact question which is material and would have to be litigated ... [it is not an issue because] in paragraph 23 of their answers, Piel, Shum and Bacon admit that plaintiff has a property interest." *Id.* at 6. However, in her brief in opposition to the motion for summary judgment, the plaintiff claims that "in order to prevail on a pre-termination due process claim, the plaintiff must prove that she has a property interest in her job. Not only was that *not* an issue, there was absolutely no evidence or facts from which a court could determine whether there was or was not a property interest." *Id.* at 3. Regardless of whether the issue of a property interest was previously litigated or presently conceded the argument does not raise a new claim. Rather, the plaintiff is simply advancing a different harm or an additional substantive legal theory.

Third, the plaintiff concedes that in regard to the issues of free speech and equal protection, the same facts which gave rise to the Title VII claim create the claims for the additional constitutional violations. The plaintiff argues that distinct claims are implicated nonetheless because Title VII and constitutional infringements are necessarily separate claims. The plaintiff contends that, "there clearly are separate wrongs to be righted, Title VII discrimination and constitutional violations." Brief in

Opposition to Defendant's Motion for Summary Judgment, at 4. The plaintiff misapprehends the usage of the term "wrongs". The relevant "wrongs" suffered by the plaintiff are the constructive discharge and the sexual harassment. These "wrongs" *harmed* the plaintiff in numerous ways, including violating her constitutionally protected right to due process, equal protection, and free speech. Thus, the plaintiff is advancing different legal theories or "harms", not distinct claims or "wrongs".

■ Fourth, the plaintiff argues that she was unable to bring her section 1983 action in conjunction with her Title VII claim because the doctrine of respondeat superior does not exist for constitutional torts. Since the City of Grand Island could not be found liable for the constitutional violations committed by its employees, the present claims against the defendants were allegedly not actionable in the former suit. I do not agree with this line of reasoning. In *Green v. Illinois Department of Transportation*, 609 F.Supp. 1021, 1027 (D.C.Ill. 1985), the court concluded that remedies for Title VII actions and § 1983 actions exist concurrently:

> "[W]here a set of facts gives rise to a Title VII claim *and* to a claim based on independent constitutional grounds, a plaintiff may allege alternative claims under Title VII and § 1983."

I find that for purposes of res judicata, claims grounded in a Title VII or section 1983 action *must* be advanced in the same suit where, as here, the claims are based on the same factual predicate.

This determination is further supported by a review of what constitutes a colorable claim under section 1983. Section 1983 imposes liability for the deprivation of any rights secured by the "Constitution *and laws*" of the United States. (Emphasis added.) Therefore, a plaintiff could theoretically base a section 1983 claim solely upon a Title VII violation. *Id.* at 1028, n. 8. The plaintiff's contention that Title VII and section 1983 actions are necessarily distinct is unpersuasive.

Fifth, the plaintiff contends that a conspiracy to deprive her of her constitutional rights was not previously adjudicated. Again, this argument merely raises different harms or legal theories that were available to the plaintiff in *Headley I.*

### IV.

■ The second issue to be resolved is whether the defendants in this suit are in privity with the City of Grand Island, the only named defendant in the prior suit. There is no dispute that the defendants in this action are the same individuals whose conduct constituted sexual harassment in the former proceeding. I find the parties are, indeed, in privity.

First, the plaintiff argues that the defendants could not be joined in the previous suit because they were not named in the EEOC charges of discrimination. This contention is without merit because I previously determined that claims for relief under Title VII and section 1983 are alternative theories to be brought in the same suit. It was not necessary to join the present individual defendants in the Title VII claim in order to have them joined as defendants in a section 1983 claim in the same suit.

Second, the plaintiff claims that Restatement (Second) of Judgments § 36 Comment E (1982), states that an official who "appears in an official capacity and is not personally liable, but the government body is, *res judicata* does not apply to the individual in a later action, seeking damage against him personally". Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, at 8. This is an erroneous interpretation of the comment. Comment E essentially states that a public official sued in his individual capacity actually participates in the action in his official capacity where the damage amount is solely the responsibility of the governmental entity. Thus, the official is not personally liable for the damage amount. Comment E is not relevant in this case as Restatement (Second) of Judgments § 36 is applicable to a *party* who appears in a subsequent suit in a different capacity. The defendants, by all accounts, were not parties to the prior proceeding.

Third, the plaintiff argues that the defendants in this suit cannot be identified with the City of Grand Island because privity does not exist between the city and its employees; rather, such privity exists only among employees. I am not persuaded by this argument. In *Ruple v. City of Vermillion,* 714 F.2d 860 (1983), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984), the Eighth Circuit determined that a second suit filed in federal court naming the city, the city manager, the mayor, and four members of the city council was precluded by a prior suit brought against the city and the city manager in state court. The Eighth Circuit stated:

> "The newly named defendants are in privity with those who were defendants in the state court. In other words, they are so closely related to the state-court defendants, and their interests are so nearly identical, that it is fair to treat them as the same parties for purposes of determining the preclusive effect of the state-court judgment. Any other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in her first action."

*Id.* at 862. The plaintiff not only erroneously asserts that the court in *Ruple* "added only employees to previous defendant employees" (Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, at 9), but argues that the defendants cannot stand in privity to their employer. The Eighth Circuit made no such distinction and I am not compelled to do so.

Fourth, I find that the defendants named in both suits "have a close relationship, bordering on near identity...." *Robbins v. District Court of Worth County,* 592 F.2d 1015, 1017 (8th Cir.1979), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979). Additionally, I am persuaded by the finding of the Seventh Circuit Court of Appeals that, "[a] government and its officers are in privity for purposes of res judicata." *Mandarino v. Pollard,* 718 F.2d 845, 850 (1983), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). The defendants in this case are sufficiently identified with the City of Grand Island for res judicata to be invoked.

## V.

 The plaintiff was permitted one full and fair opportunity to obtain complete relief in *Headley I.* Each of the proffered claims are actually different legal theories advanced to procure additional forms of relief. These newly fashioned theories of recovery were available to the plaintiff in the former proceeding and should have been brought at that time.

THEREFORE IT IS ORDERED that:

1. The defendant's motion for summary judgment, filing #13, is granted.

2. The plaintiff's motion for partial summary judgment, filing #14, is denied as moot.