828 F.2d 1272
 51 Fair Empl.Prac.Cas. 778,
44 Empl. Prac. Dec. P 37,360
Teresa L. HEADLEY, Appellant,
v.
Howard BACON, Individually and in his official capacity;
Bernell Schum, Individually and in his official
capacity; and Deputy Chief Gary Piel,
Individually and in his
personal capacity, Appellees.
 No. 86-2512NE.
 United States Court of Appeals,
Eighth Circuit.
 Argued June 9, 1987.
Decided Sept. 9, 1987.
 
 Thom K. Cope, Lincoln, Neb., for appellant.
 Kenneth H. Elson, Grand Island, Neb., for appellees.
 Before LAY, Chief Judge, HEANEY, Circuit Judge, and ROSENN,* Senior Circuit Judge.
 ROSENN, Senior Circuit Judge.
 
 
 1
 In this appeal we examine the circumstances under which defendants in a civil action may be said to be in privity for res judicata purposes with the defendant in a previous action brought by the same plaintiff on the same set of facts. Because we conclude that the interests of the defendant police force officials in the present action were not adequately congruent to those of their employer, the defendant city in the previous action, we agree with the plaintiff that privity is lacking. Therefore, even though it may have been desirable to conserve judicial resources and avoid expenses to her adversary, for the plaintiff to have asserted all her claims in a single action, the doctrine of res judicata does not bar the present action. We therefore are constrained to vacate the summary judgment entered by the district court in favor of the defendants.
 
 I.
 
 2
 Teresa Headley was a police officer employed by the City of Grand Island, Nebraska (the City). Howard Bacon was the Chief of Police, Gary Piel the Deputy Chief, and Burnell Schum a lieutenant who was Headley's supervisor and training officer. Headley was the only female officer on the force when she joined in July 1979. She was subjected to sexual harassment and discrimination on the basis of her sex until her resignation in February 1984.
 
 
 3
 Headley sued the City successfully under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Secs. 2000e to 2000e-17 (1981), Headley v. City of Grand Island, No. CV83-L-760 (D.Neb. Jan. 16, 1985) (Headley I ). Schum, Bacon, and Piel were defense witnesses but not parties in that action. The district court awarded Headley equitable relief consisting of back pay, front pay, and attorney's fees. The court based its decision on its findings of several acts of sexual harassment, discrimination, retaliation, and eventual constructive discharge by Schum, Bacon, and Piel.
 
 
 4
 Headley then commenced this action for damages under 42 U.S.C. Secs. 1982, 1983, and 1985 against Schum, Bacon, and Piel, individually and in their official capacity, alleging violations of and conspiracy to violate her rights to due process and equal protection of law and free speech. The allegations in the complaint were very similar to the district court's findings in Headley I. The district court granted the defendants' motion for summary judgment, holding that Headley's claims against them should have been joined with her Title VII claim against the City, and that she was therefore precluded by the final judgment in Headley I from bringing them in a subsequent proceeding. 668 F.Supp. 1315 (D.Neb. 1986).
 
 II.
 
 5
 The doctrine of res judicata bars claims if three requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The parties in the instant case agree that the first two requirements are satisfied; their disagreement on both parts of the third is the basis of this appeal.
 
 
 6
 Headley could have joined her section 1982, 1983, and 1985 claims against the individual defendants with her Title VII action against the City in Headley I. Under the Federal Rules of Civil Procedure, relief of several types may be demanded, Fed.R.Civ.P. 8(a); a party may join as many claims as he or she has against an opposing party, Fed.R.Civ.P. 18(a); and all persons may be joined as defendants in one action if, as here, "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). Although Headley could not have held the City liable under section 1983 solely because the individual defendants in this case had been employed as City police officers (see Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)) nor the individual defendants under Title VII (because they were not her employers), under Rule 20(a) she could have brought her Title VII claims against the City and her section 1982, 1983, and 1985 claims against Bacon, Schum, and Piel in a single action.
 
 
 7
 That Headley could have joined the suits does not necessarily mean she was required to do so, however. The decision to bring separate actions was a tactical choice allowed by the Federal Rules of Civil Procedure; Rules 18(a) and 20(a) refer only to permissive joinder, at the party's option.[1] Nevertheless, the doctrine of res judicata may operate for practical purposes to require joinder of claims by barring their assertion in later actions. The questions thus remain whether the claims and/or the defendants in the two actions were sufficiently distinct to avoid application of the doctrine.
 
 A.
 Identity of Causes of Action
 
 8
 Headley contends that even if both actions were brought against the same defendants, the factual basis of the cause of action in Headley I is distinct and separate from that in the present case. Title VII and sections 1982, 1983, and 1985 have some nonoverlapping elements; nevertheless, all her claims arise out of the same incidents. The statutes simply permit different legal theories for recovery for various injuries arising out of the same wrong or series of wrongs. Where plaintiffs have brought Title VII and other Civil Rights Act claims against the same defendants in separate actions, the later claims have been barred on this basis. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Poe v. John Deere Co., 695 F.2d 1103, 1105-08 (8th Cir.1982); cf. Brown v. St. Louis Police Dept., 691 F.2d 393 (8th Cir.1982) (prior state court action barred federal Civil Rights Act claims in federal court), cert. denied, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). Therefore, for res judicata purposes, the cause of action in the present case, if against the same defendant or a privy, is the same as in Headley I.
 
 B.
 Identity of Parties
 
 9
 The doctrine of res judicata does not bar claims even arising out of the same facts against defendants who were not parties to the first action. In Migra, Poe, and Brown, supra, the defendants in the second actions had all been parties in the earlier actions; the defendants in the present case were not. An exception exists, however, for those who stand in privity to the defendants in the prior suit. In Harrington v. Vandalia-Butler Board of Education, 649 F.2d 434 (6th Cir.1981), both the original and new defendants were sued in the second action. The Sixth Circuit affirmed the summary judgment for original defendant, but reversed the summary judgment for the new defendants because the issue of privity between them and the original defendant had not been addressed. 649 F.2d at 436-37.
 
 
 10
 In the present case the district court held[2] that Bacon, Schum, and Piel were in privity with the City, because "the defendants named in both suits 'have a close relationship, bordering on near identity ...' " (quoting Robbins v. District Court of Worth County, 592 F.2d 1015, 1017 (8th Cir.1979), cert. denied, 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979)), and because it was "persuaded by the finding of the Seventh Circuit Court of Appeals that '[a] government and its officers are in privity for purposes of res judicata.' " Id. (quoting Mandarino v. Pollard, 718 F.2d 845, 850 (1983), cert. denied, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984)). In Robbins, the parties in both actions were held to be identical. The district court in this case did not specify any factors supporting its conclusion of "near identity." The defendants urge on appeal that privity is established because it was for their own actions that the City was found liable in Headley I.
 
 
 11
 In Mandarino, the case relied upon by the district court, the plaintiff had unsuccessfully sued a village, his former employer, on state causes of action. In the later federal action, he asserted federal Civil Rights Act claims against the village and also against the village mayor, the village manager, and several trustees of the village board. The Seventh Circuit, stating the rule quoted by the district court in the present case, held that the individual defendants were in privity with the village.
 
 
 12
 Not all government employees and officials are in privity with the government, however, just as not every employee is in privity with his or her employer. A city or village can act only through its mayor, manager, and council. Moreover, even persons in such clearly policy-making positions may not be in privity with the government. In Roy v. City of Augusta, Maine, 712 F.2d 1517 (1st Cir.1983), the plaintiff sued the city, the city's attorney, a councilman, and other individual defendants. Chief Judge Campbell writing for the court held that a previous judgment against the city and the individuals in their official capacities operated as a bar only as against the city, not as against the city's attorney or the councilman, neither of whom had been parties to the prior action, nor even against the other individual defendants, who had been parties to the prior action only in their official capacity but were named in their personal capacity in the later action. Id. at 1521-22.[3] A fortiori, the defendants in the present case were not in such clearly policymaking positions as to be the same sort of "voice and hand" of a municipality as its elected governing officials. On the same basis we distinguish Ruple v. City of Vermillion, 714 F.2d 860 (8th Cir.1983), cert. denied, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984), relied upon by the district court and the appellees in the instant case, in which this court held that the Mayor and four members of the City Council were in privity with the City. Id. at 862.
 
 
 13
 We do not read Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1939), cited in Mandarino, as stating a rule that a government and its officers are always in privity. The Court said:
 
 
 14
 Where the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal. As stated in Chicago, R.I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 620, [46 S.Ct. 420, 423, 70 L.Ed. 757] "Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different, ... and parties nominally different may be, in legal effect, the same." A judgment is res judicata in a second action upon the same claim between the same parties or those in privity with them. Cromwell v. County of Sac., 94 U.S. [4 Otto] 351 [24 L.Ed. 195]. There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government. See Tait v. Western Maryland Ry. Co., 289 U.S. 620 [53 S.Ct. 706, 77 L.Ed. 1405]. The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy. Cf. Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284-289 [26 S.Ct. 252, 256-58, 50 L.Ed. 477].
 
 
 15
 310 U.S. at 402-03, 60 S.Ct. at 916-17. We note, moreover, that Sunshine was examining not res judicata as it is today understood to refer to claim preclusion, but the related doctrine of collateral estoppel, or issue preclusion, for which mutuality of parties is not required. At the time of Sunshine, the term "res judicata" was used to refer to both claim and issue preclusion. Sunshine therefore does not support the defendants' privity argument. See Beard v. O'Neal, 728 F.2d 894, 897 (7th Cir.), cert. denied, 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984).
 
 
 16
 Our focus is not the nature of the relationship between the City and the defendants in general, but the identity of their interests in Headley I. We conclude that although both the City in Headley I and the defendants in the present action shared an interest in disproving the factual predicate of Headley's claims,[4] their interests in several other aspects of the litigation were divergent and in one case even adverse.
 
 
 17
 First, the equitable relief sought and granted in Headley I, a Title VII action, is different in nature and scope from the compensatory and punitive damages sought in the present case.[5] Second, there is no right to a jury trial on a Title VII action, but Headley would have a right to a jury for her sections 1982, 1983, and 1985 claims.[6] Third, we note that in Headley I, the City's vicarious liability depended upon Schum, Bacon, and Piel's wrongful conduct occurring while they were acting within the scope of their official duties. The City thus might have had an interest in Headley I in showing that its employees were acting beyond that scope. In Headley's present action, however, the defendants could have an interest in showing that their actions, even if wrongful, were within the scope of their official duties and that they are therefore immune from suit for personal liability.[7]
 
 
 18
 The defendants' contention that privity is established because the City's liability rested upon their actions confuses the privity analysis with that of the doctrine of respondeat superior. The two are far from coextensive. Section 49 of the Restatement (Second) of Judgments (1982) states that "[a] judgment against one person liable for a loss does not terminate a claim against another person who may be liable therefor." Comment (a) to that section specifically states that the rule applies to conduct "legally chargeable to more than one person, as ... under the principle of respondeat superior," and goes on to note that in general joinder of all those potentially liable is permissive, not mandatory, stating:
 
 
 19
 When the claimant thus brings consecutive actions against different persons liable for the same harm, the rendition of the judgment in the first action does not terminate the claims against other persons who may be liable for the loss in question.... No reason suggests itself why the legal confirmation of one obligation should limit or extinguish the other.
 
 
 20
 See also illustration 2.
 
 
 21
 Section 51 of the Restatement, respecting vicarious liability, speaks more directly to the privity and res judicata issues. That section notes that a judgment against an injured party which bars him from reasserting his or her claim against that defendant generally also extinguishes any claim he or she has against another person in a vicarious liability relationship with the first defendant, but that a judgment in favor of the injured person is conclusive only as to the amount of damages unless, as here, different rules govern the measure of damages in the two actions. Section 51(1), (2); see also comment d. The comments add the following discussion:
 
 
 22
 If both the primary obligor and the person vicariously responsible are made defendants, the judgment is conclusive with respect to both in accordance with the general rules of res judicata; the judgment is also conclusive as to issues litigated between the defendants in accordance with Sec. 38. However, under prevailing procedural rules the injured person ordinarily is not required to join both and may decide to bring suit in the first instance against only one of them. If he does so, the rule of this Section becomes applicable.
 
 
 23
 * * *
 
 
 24
 * * *
 
 
 25
 The injured person's claims against the active wrongdoer and the person vicariously responsible for the latter's conduct are sometime only partially congruent. There may be a basis of liability that he can assert against one but not the other. The rule of claim preclusion is properly applied with respect to the claim that he has against them commonly but it should not apply to his independent claim against the obligor not sued in the first action. If the rule of claim preclusion were applied to that independent claim, the effect would be to compel a joinder of parties therein which by hypothesis he is not required to make.
 
 
 26
 Sec. 51 comments a, c. See also illustrations 1-3.
 
 
 27
 The Supreme Court of Iowa applied section 51(2)(b) to the privity analysis in Kimmel v. Iowa Realty Co., 339 N.W.2d 374 (Iowa 1983). In Kimmel, the defendant real estate company argued that the plaintiff's prior successful action against a broker in which the company was held vicariously liable barred a second action against the company itself. Noting that section 51 "extends the benefits of claim preclusion to vicariously liable non-parties on issues of liability only when the judgment goes against the injured party," id. at 378, the court held that the plaintiff's claims were precluded by the previous judgment only to the extent of damages, and not at all if different rules governed the measure of damages in the two actions. Id. at 378-79. There is no dispute in the present case that different rules governed recovery in Headley I, a Title VII action in which only equitable relief (which may include back and front pay) was available, than govern in this action under sections 1982, 1983, and 1985, which permit compensatory and punitive damages.
 
 
 28
 The district court rejected Headley's argument that section 36, comment e, of the Restatement also undercuts the defendants' res judicata argument. Although Headley does not rely upon that section on appeal, we note that the basis for the district court's rejection of the argument was its observation that section 36 applies only to personal liability of public officials who were parties to the previous action, and, noted the court, these defendants had not been. It is anomalous for the defendants to claim that a section that would allow a personal action against parties to a previous action would bar the same action against their privies. There is no reason to grant actual parties to the previous action less protection than is given to those in privity with them.
 
 
 29
 Where, as here, the employees whose acts are in question are government officials, special rules apply. Litigation involving the government is generally binding with respect to governmental officials who are sued in their official capacities in later actions. Town of Seabrook v. New Hampshire, 738 F.2d 10, 10 & n. 1 (1st Cir.1984) (per curiam) (res judicata applied to action against racing commission officials sued in their official capacity along with state and commission, both of which had been defendants in previous action); Micklus v. Greer, 705 F.2d 314, 317 (8th Cir.1983) (privity between officials of same government agency sued in their official capacity); Lee v. City of Peoria, 685 F.2d 196, 199 n. 4 (7th Cir.1982); Church of the New Song v. Establishment of Religion, 620 F.2d 648, 654 (7th Cir.1980) (Illinois prison chaplains in privity with Georgia and Texas chaplains), cert. denied, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981); Mathis v. Laird, 457 F.2d 926, 927 (5th Cir.1972) (per curiam) (action against Secretary of Defense for correction of terms of military discharge barred by prior action against United States), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972).
 
 
 30
 In Tait v. Western Maryland Railway, 289 U.S. 620, 53 S.Ct. 706, (1933), the plaintiff taxpayer had won a previous action against the Commissioner of Internal Revenue. The Court held that the defendant tax collector in Tait was bound by the prior judgment as a privy to the Commissioner, because the tax collector was an official acting under the government and the Commissioner. The Tait holding seems to have been based on the Court's rejection of the personal liability of the tax collector as a fiction. See Wright, Miller & Cooper Sec. 4458 at 506 n. 7.[8]
 
 
 31
 Central to the holdings in all these cases, however, was that the defendant officials were sued in their official capacities. The actions of their agencies, not their personal actions, were at issue. By contrast, a judgment against a government does not bind its officials sued in their personal capacities. Beard v. O'Neal, 728 F.2d 894, 896-97 (7th Cir. 1984) (FBI informant and officials sued in individual capacities not in privity with FBI agent who was defendant in prior unsuccessful Bivens -type action), cert. denied, 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984); cf. Garza v. Henderson, 779 F.2d 390, 393-94 (7th Cir.1985) (prison discipline committee members sued in official and personal capacities not collaterally estopped by judgment in prior habeas corpus proceeding against warden).
 
 
 32
 Moreover, litigation involving officials in their official capacity does not preclude relitigation in their personal capacity. Roy v. City of Augusta, Maine, 712 F.2d 1517, 1521-1522 (1st Cir.1983); cf. Unimex, Inc. v. HUD, 594 F.2d 1060, 1061 n. 3 (5th Cir.1979) (per curiam); Restatement (Second) of Judgments Sec. 36(2) and comment e (1982); Wright, Miller & Cooper Sec. 4458 at 508-09.
 
 
 33
 We therefore conclude that the district court erred in its determination that the defendants were in privity with the City in Headley I, at least with respect to the claims against them in their individual capacity. Even for the claims brought against them in their official capacity, privity is not automatic. The district court's order here appealed from was a grant of summary judgment. There have been no findings of fact in this case to allow a determination whether the relationship between all or any of the individual defendants in their official capacity and the City with respect to Headley I rose to the level of "near identity" required to constitute privity.[9] Under such circumstances, therefore, the district court also erred in granting summary judgment even for the defendants in their official capacity.
 
 III.
 
 34
 In sum, although we agree with the district court that for the purpose of res judicata Headley's cause of action is identical to that brought to judgment in Headley I, the defendants in the present case were not in their individual capacity in privity with the defendant City in Headley I. As to whether they are in privity in their official capacity with the City remains to be determined by the district court when the record is developed. Therefore, Headley's present claims are not barred by the doctrine of res judicata.
 
 
 35
 Accordingly, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion.
 
 
 36
 Costs taxed against the appellees.
 
 
 
 *
 Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 The defendants do not assert that they fall within the mandatory joinder rule, Fed.R.Civ.P. 19
 
 
 [2]
 On the record before us, the facts relevant to the defendants' relationship are not disputed, just their legal significance. The district court said, "I find that the parties are, indeed, in privity." Memorandum and order at 5 (emphasis added). This was a ruling on a motion for summary judgment, however; there appears to have been no factfinding and the court, therefore, merely set forth its conclusion of law
 
 
 [3]
 Judge Campbell, citing Restatement (Second) of Judgments Secs. 24 and 25, also noted that "[u]nder modern principles of res judicata, a party cannot split his claim by first seeking one type of remedy in one action and later asking for another type of relief in a second action." 712 F.2d at 1517. In the instant case, however, the issue is whether the defendants are in privity with the defendant in the prior action, Headley I
 
 
 [4]
 Privity does not exist merely because parties happen to be interested in the same question, or in proving or disproving the same state of facts. See Duncan v. Clements, 744 F.2d 48, 52 (8th Cir.1984) (quoting American Polled Hereford Ass'n v. Kansas City, 626 S.W.2d 237, 241 (Mo.1982))
 
 
 [5]
 In Mandarino, by contrast, damages were sought in both actions
 
 
 [6]
 We recognize that these first two distinctions do not operate to distinguish separate causes of action. See Lee v. City of Peoria, 685 F.2d 196, 198-99 (7th Cir.1982). Nevertheless, they are relevant to our privity analysis respecting the identity of the parties' interests in the litigation and to the efficiency and judicial economy goals of the doctrine of res judicata
 
 
 [7]
 We also note that the defendants asserted that they were unable to comply with Headley's request for production of certain documents because those documents were "not in the possession, custody or control of the defendant police officers" because they were "records in the possession of the City of Grand Island." Letter from Kenneth H. Elson, defense counsel, to District Court (May 29, 1986)
 
 
 [8]
 Congress subsequently enacted a statute providing that, for purposes of res judicata, an action to recover taxes brought against any officer or employee of the United States shall be treated as if the United States had been a party. 26 U.S.C.A. Sec. 7422(c) (West Supp.1987)
 
 
 [9]
 In Garza v. Henderson, supra, the plaintiff sued the defendant prison disciplinary committee members in both their official and personal capacities. The Seventh Circuit stressed this circumstance in holding that the defendants were not collaterally estopped from denying liability by a finding of liability in the prior action against the warden. 779 F.2d at 393-94