62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
George Clint ROBINSON, Appellant,
v.
Bill BARDRICK; Frank L. Jones, Appellees.
 No. 94-3573.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 1, 1995.
Filed: Aug. 16, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Clint Robinson appeals from the district court's[1] dismissal of his civil rights complaint against Bill Bardrick and Frank L. Jones. We affirm.
 
 
 2
 Robinson, an African-American public school teacher, claimed defendants discriminated against him because of his race by reassigning him and maintaining discriminatory policies. He further claimed he was denied equal protection when he was retaliated against for filing a prior suit and when a misleading affidavit was used against him. On defendants' motion, the district court dismissed the action, concluding Robinson's claims were barred by res judicata, because they arose from the same race- based reassignment and harassment Robinson alleged in Robinson v. Fort Smith Sch. Dist., et al., No. 90-2143 (unpublished) (Robinson I ). On appeal, Robinson argues that he was prejudiced by not being allowed to add Jones as a defendant in Robinson I, and that the issue of Bardrick's admitted submission of a false affidavit is not barred because it had not been litigated or determined by a jury.
 
 
 3
 The district court correctly concluded Robinson's claims are barred by res judicata. Res judicata bars claims if: "(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." Headley v. Bacon, 828 F.2d 1272, 1274 (8th Cir.1987). The parties do not contest the first two requirements are satisfied.
 
 
 4
 The causes of action are the same because both complaints sought redress for the denial of the same constitutional rights, and all the theories of recovery arose out of Robinson's allegedly discriminatory race-based reassignment. See id. at 1275; Ruple v. City of Vermillion, 714 F.2d 860, 861-62 (8th Cir.1983) (causes of action same where all plaintiff's theories of relief arose out of dismissal from employment), cert. denied, 465 U.S. 1029 (1984). Robinson offered no excuse for his failure to raise all his theories of recovery in Robinson I. Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir.1982) (res judicata precludes relitigation of claim on grounds that were or could have been raised in prior action). Robinson's only arguably novel allegations-that Jones and Bardrick violated his equal protection rights by retaliating against him for filing a prior suit and by using a false affidavit against him-fail to state a claim. See Ass'n of Residential Resources in Minn., Inc. v. Gomez, 51 F.3d 137, 140 (8th Cir.1995) (to state equal protection claim plaintiff must, at minimum, show similarly situated persons were treated differently).
 
 
 5
 Bardrick and Jones stand in privity to their employer, the Fort Smith Public School District, because their interests in this suit are sufficiently congruent to those of the School District in Robinson I. See Mills v. Des Arc Convalescent Home, 872 F.2d 823, 827 (8th Cir.1989) (test for privity). Robinson sought relief of the same nature and scope in both suits-injunctive relief and damages for unconstitutional race discrimination; Robinson had a right to and demanded jury trial in each suit; and in Robinson I he sought recovery for conduct attributed to Jones (as defendants' agent), which he now attributes to Jones and Bardrick. See Headley, 828 F.2d at 1277-78 (res judicata generally bars claims in second suit against persons in vicarious liability relationship with defendant in first suit).
 
 
 6
 We do not consider Robinson's argument that he was prejudiced by not being able to add Jones as a defendant in Robinson I. See Roth v. G.D. Searle & Co., 27 F.3d 1303, 1307 (8th Cir.1994) (court will not consider arguments raised for first time on appeal).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas