# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2439

_____

|  |  |  |
|---|---|---|
| Manuel de Llano | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Duane Berglund; David Danbom; | * | of North Dakota. |
| Allan G. Fischer; Michael Garrison; | * | |
| Rick D. Johnson; Andy Keogh; Jim L. | * | |
| Ozbun; Jimmie Richardson; Charles A. | * | |
| Sawicki; Sharon A. Siverts, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 12, 1999

Filed: July 9, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and FENNER,[1] District Judge.

_____

BEAM, Circuit Judge.

Manuel de Llano (de Llano), Ph.D., was fired from his position as a tenured professor at North Dakota State University (NDSU).  De Llano filed suit in federal

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

court alleging NDSU violated Title VII. 42 U.S.C. §§ 2000(e) et seq. The jury found for NDSU. De Llano then filed this action, under 42 U.S.C. § 1983, against the employees of NDSU who were involved in his termination. De Llano appeals the district court's dismissal based on res judicata. Because the privity required is lacking, we reverse.

## I.    BACKGROUND

We review de novo the district court's motion to dismiss under Rule 12(b)(6) for failure to state a claim. For purposes of our review, all the factual allegations of the complaint are accepted as true and construed in the light most favorable to de Llano. See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

De Llano was a tenured professor and chair of the physics department of NDSU. In 1990, at the request of the department faculty, he was removed as the department chair. In 1995, following extensive proceedings, de Llano's employment was terminated, at which time he no longer taught at NDSU nor received any salary or benefits. De Llano appealed his termination to the State Board of Higher Education which affirmed the dismissal in 1997.

Following his termination in 1995, de Llano filed suit against NDSU in federal court alleging violation of Title VII. He claimed that NDSU improperly terminated his employment based on his national origin or in retaliation for filing complaints with the Equal Employment Opportunity Commission. The jury returned a verdict in favor of NDSU. Following the verdict and the State Board of Education's determination to affirm his dismissal, de Llano brought this action under 42 U.S.C. § 1983, for violation of his free speech and due process rights. This 1983 action does not name NDSU, but instead is brought against the NDSU employees involved in the termination process. De Llano specifically amended his complaint to specify that the suit was against the

employees in their individual capacities. The district court dismissed the complaint, relying on the doctrine of res judicata.

## II.    DISCUSSION

The doctrine of res judicata, or claim preclusion in this case, bars claims when "(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826 (8th Cir. 1989) (quoted source omitted). De Llano only disputes the third element: whether his Title VII and section 1983 claims are the same and whether the parties are the same or in privity.

We need not go any further than to determine whether the parties are the same or in privity. The district court found that under the doctrine of "virtual representation," NDSU and the employees of NDSU, acting in their individual capacities, were essentially the same party or in privity with one another. Tyus v. Schoemehl, 93 F.3d 449, 454 (8th Cir. 1996). The doctrine of virtual representation does not decide this case. Instead, the case at bar is controlled by Headley v. Bacon, 828 F.2d 1272 (8th Cir. 1987). The facts in Headley are nearly identical to de Llano's. In Headley, an initial Title VII suit was concluded against the City of Grand Island, Nebraska, for sexual harassment, discrimination, retaliation, and discharge. Id. at 1274. Based upon the same facts, Headley brought a subsequent suit under section 1983 against the city employees, acting in their individual capacities, for violation of her due process, equal protection, and free speech rights.

The employees in Headley argued that the section 1983 claim was barred by res judicata. We held that "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity." Id. at 1279 (citing Roy v. City of Augusta, 712 F.2d 1517, 1521-22 (1st Cir. 1983); Unimex, Inc. v. HUD, 594 F.2d

1060, 1061 n.3 (5th Cir. 1979) (per curiam); <u>Restatement (Second) of Judgments</u> § 36(2) & cmt. e (1982); 18 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 4458 (1981)).  Therefore, the city employees, acting in their individual capacities, were not in privity with the City.  Res judicata was not a bar.  <u>See</u> <u>id.</u> at 1280.

In de Llano's case, the first suit was only against NDSU for violation of Title VII.  The instant action is brought under section 1983 against employees of NDSU, in their individual capacities.  The employees successfully argued to the district court that res judicata bars de Llano's section 1983 claims, but under <u>Headley</u>, privity is lacking.  Thus, res judicata, in the form of claim preclusion, is not a bar to de Llano's section 1983 claims.

## III.    CONCLUSION

For the foregoing reasons, we reverse the district court and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-