NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0643n.06
Filed: August 31, 2007

No. 06-3645

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RICHARD LEIRER, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| OHIO BUREAU OF MOTOR VEHICLES | ) | |
| COMPLIANCE UNIT, et al., | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Defendants-Appellants. | ) | |

BEFORE: SUTTON and McKEAGUE, Circuit Judges; and FORESTER, Senior District Judge.[*]

**PER CURIAM.** Richard Leirer, a resident of Ohio acting *pro se*, sued the Ohio Bureau of Motor Vehicles Compliance Unit and Adele Rapelye, a supervisor with the unit. Leirer had earlier sued the State of Ohio and other state defendants over a disputed suspension of his driver's license. He subsequently sued Rapelye and other state defendants in their official capacities for alleged violation of his constitutional rights by contacting and questioning his automobile insurer about his coverage in retaliation for a discovery request he made in the first lawsuit. In this, his third lawsuit, Leirer raises similar claims as those he pursued in his second lawsuit, but this time he expressly sues Rapelye in both her official and individual capacities.

---

[*]The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Because Leirer filed his current lawsuit *in forma pauperis*, the district court screened his complaint under 28 U.S.C. § 1915(e)(2).  Finding the lawsuit barred by res judicata, the district court *sua sponte* dismissed it.  Leirer appealed.

We review *de novo* a district court judgment dismissing a complaint under 28 U.S.C. § 1915(e). *Dotson v. Wilkinson*, 329 F.3d 463, 466 (6th Cir. 2003).  "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citations omitted).

The doctrine of res judicata or "claim preclusion" prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).  In his second lawsuit, Leirer failed to state whether he was suing the individual defendants in their official or individual capacities.  Concluding that there was little in the complaint to suggest that the defendants might be individually liable, the district court construed the claims as being made against them solely in their official capacities.  As such, the Eleventh Amendment barred the claims for damages.  The district court dismissed the remaining claims, finding no basis to hold the defendants liable under a respondeat-superior theory of liability. *Leirer v. Morckel*, No. 05-2345, 2005 WL 3274849, at *3 (N.D. Ohio Dec. 2, 2005).  Leirer did not appeal the district court's judgment, but instead brought the current lawsuit.

There is no question that Leirer could have made all of the same allegations and claims he makes in his current lawsuit in that earlier second lawsuit.  Finding all of the other requirements for

claim preclusion met here, we affirm the district court's dismissal of Leirer's claims against the state

bureau and Rapelye in her official capacity. *Mitchell*, 343 F.3d at 819, 824-25.

Yet, in the second lawsuit, the district court did not address any claim made against Rapelye

in her individual capacity. As this court explained in *Mitchell*,

> [T]he rule of differing capacities provides that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Restatement Second of Judgments § 36(2) (1982). The rule of differing capacities generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official. *See Wilkins* [*v. Jakeway*], 183 F.3d [528,] 534-35 [(6th Cir. 1999)] (recognizing the distinction between individual and official capacity claims and applying the rule of differing capacities-albeit without explicitly referring to the rule); *see also Warnock v. Pecos County*, 116 F.3d 776 (5th Cir.1997) (holding that a prior suit against a municipality does not bar a later suit against local officials in their individual capacity); *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir.) (holding that a prior suit against a municipality does not bar a subsequent suit against officials individually because official capacity and personal capacity suits involve different legal theories and defenses), *cert. denied*, 488 U.S. 856, 109 S. Ct. 147, 102 L.Ed.2d 118 (1988); *Headley v. Bacon*, 828 F.2d 1272, 1277-79 (8th Cir. 1987) (distinguishing privity between principal and agent from privity between a governmental entity and officials sued in their individual capacities). *See also Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) ("Res judicata does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity.").

*Id*. at 823. In essence, suing a state official in her official capacity is not the same as suing her in her

individual capacity. Therefore, Leirer's claims against Rapelye are not barred under claim

preclusion.

Although not addressed by the district court or the defendants, the individual-capacity claims

could be subject to bar under the doctrine of issue preclusion (or "collateral estoppel"), which, unlike

claim preclusion, does not require an identity of parties or causes of action. *See Nat'l Satellite Sports,*

*Inc. v. Eliadis*, 253 F.3d 900, 908 (6th Cir. 2001); *see also Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."). For issue preclusion to apply, however, "the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding." *Nat'l Satellite Sports*, 253 F.3d at 908. Although not entirely clear, it appears that Leirer is making a slightly different factual allegation against Rapelye in his third complaint, where he contends that she contacted the insurance company herself, Complaint, No. 06-71, ¶8, than he made in his second lawsuit, where he alleged (as construed by the district court) that she only supervised the employees who actually made contact, Complaint, No. 05-2345, ¶7. Given this, the district court's earlier dismissal based on a respondeat-superior theory does not appear to bar Leirer from pursing his present claims against Rapelye personally. However, because neither of the parties raised the issue on appeal and the district court dismissed the complaint *sua sponte* before Rapelye had an opportunity to answer or move for dismissal, we will leave the matter open for further development by the parties, if they choose to do so.

Finally, the defendants argue in the alternative that Leirer fails to raise a meritorious claim. In doing so, however, they do not address Leirer's retaliation claim, but instead focus on his privacy claim. While we can affirm a district court's judgment for reasons different than those relied upon by that court, *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 243 (6th Cir. 2004), we decline to do so here where the defendants offer only a cursory argument for doing so.

Accordingly, we **AFFIRM** the dismissal of the claims against the Ohio Bureau of Motor Vehicles Compliance Unit and Rapelye in her official capacity, but **REVERSE** the dismissal of the claims against Rapelye in her individual capacity. The case will be **REMANDED** to the district court for further proceedings consistent with this decision.