Abideen A. OLADIPUPO

v.

John AUSTIN, et al.

George Okechukwu, et al.,

v.

Janet Reno, et al.

Civil Action Nos. 97–0931, 98–2065.

United States District Court,
W.D. Louisiana.

April 24, 2000.

Abideen A Oladipupo, Modutox Builders & Suppliers, Shomolu Lagos Nigeria, pro se.

Baldwin Neil Foster, DeRidder, LA, pro se.

Balram Ramsukh, Miami, FL, pro se.

Steve Arthur, DeRidder, LA, pro se.

Juan Carlos Brinis Fernandez, Bastrop, TX, pro se.

Henry Kobnar Davies, Pine Prairie, LA, pro se.

Tara B. Cochran, Office of Rodney M. Rabalais, Marksville, LA, for John Austin, Bill Belt, A.J. Thibodeaux, Kelly Ray Jones, Jimmy Dauzat, Eric Jacobs, Jospeh Meche, Blackman, Sgt, Kerry Sayer.

Thomas B. Thompson, U.S. Atty's Office, Lafayette, LA, for John Caplinger.

Thomas B. Thompson, Katherine W Vincent, U.S. Atty's Office, Lafayette, LA, for Lynne Underdown.

Katherine W Vincent, U.S. Atty's Office, Lafayette, LA, for Janet Reno, Board of Directors, Dist Director of INS, consolidated.

## RULING

LITTLE, Chief Judge.

Before the court is the magistrate's report and recommendation (Doc. 223), suggesting that we deny the motion to dismiss

filed by defendants Lynne Underdown ("Underdown") and Janet Reno ("Reno") pursuant to Rule 12(b)(1), (4), (5) of the Federal Rules of Civil Procedure. For the reasons that follow we GRANT Reno's and Underdown's motion to dismiss and decline to adopt the magistrate's recommendation except where specifically noted.

## I. Brief Factual Background

Baldwin Neil Foster ("Foster"), the only remaining plaintiff in action 98–2065, which was consolidated with 97–0931, was transferred from Oakdale Detention Center to Avoyelles Parish Jail (APJ) on 20 May 1998. Foster, and several other INS detainees awaiting removal from the United States, filed this action on 23 October 1998 challenging the conditions of confinement at APJ. Specifically, Foster brings a claim under the due process and equal protection clauses of the Fourteenth Amendment, and the First and Sixth Amendments, against Janet Reno, United States Attorney General and Lynne Underdown, District Director of INS. Foster bases his claims on the conditions of the jail, including the lack of access to an ice machine or hot water for tea, inadequate meals and recreational exercise, inadequate bedding, limited access to the prison law library, inadequate sleeping quarters, excessive phone rates, and the fact that INS detainees must share the same segregation unit as convicted prisoners. Foster requests relief in the form of monetary damages and injunctive and declaratory relief.[1] Reno and Underdown brought the instant motion to dismiss on 22 November 1999 on the grounds of insufficiency of process and service of process, lack of subject matter and personal jurisdiction and failure to state a claim upon which relief can be granted. The magistrate rec-

ommended that we deny Reno's and Underdown's motion on all bases except as to Foster's claims based on lack of access to the courts.

## II. Analysis

### A. *12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction*

In their motion to dismiss, Underdown and Reno contend that Foster has failed to state a claim against them because they were not personally involved in the alleged constitutional deprivations at APJ and are entitled to qualified immunity. To the extent that Foster seeks to hold Underdown and Reno liable for their role in depriving him of his constitutional rights, he is asserting a *Bivens* claim.[2] *Bivens* authorizes suits against government officials for monetary damages in their individual capacities for violation of an individual's constitutional rights. *See United States v. Burzynski Cancer Research Institute,* 819 F.2d 1301, 1308 (1987). Foster purports to sue Underdown and Reno in both their official and individual capacities. *See* Pl.'s Amended Compl. at 2.

It is well settled that a *Bivens* claim for monetary damages is available only against government officers in their individual capacities. *See FDIC v. Meyer,* 510 U.S. 471, 484–87, 114 S.Ct. 996, 1005–06, 127 L.Ed.2d 308 (1994); *Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1294 n. 12 (5th Cir.1994). A suit against a federal official in his or her official capacity is a suit against the United States. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity it-

---

1. Foster has been transferred from Avoyelles Parish Jail. Accordingly, his claims for injunctive and declaratory relief are moot. *See Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078, 1084 (5th Cir.1991); *Beck v. Lynaugh,* 842 F.2d 759, 762 (5th Cir.1988). His only remaining claims against defendants are for monetary damages.

2. In *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the individual offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

self."). The United States has sovereign immunity except where it consents to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Consent is a prerequisite for jurisdiction. *See id.; Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir.1999) (citing *Unimex, Inc. v. United States Dept. of Housing and Urban Develop.*, 594 F.2d 1060, 1061 (5th Cir.1979)). The United States has not waived sovereign immunity in a *Bivens* suit for monetary damages or injunctive relief. *See United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir.1991) (specifying that the jurisdictional bar of sovereign operates when a suit threatens to impose upon the United States liability for money or property damages or some form of coercive injunctive relief); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.1982) (holding that *Bivens* does not waive the government's immunity). Foster, therefore, may not maintain a suit against Underdown and Reno in their official capacities and any claims against them in their official capacities are dismissed pursuant to Rule 12(b)(1).

### B. *12(b)(6) Motion to Dismiss for Failure to State a Claim*

When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (citing *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985) (citations omitted)). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of plaintiff's claim that would entitle him to relief, the complaint should not be dismissed for failure to state a claim. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994); *Fernandez–Montes*, 987 F.2d at 285 (citing *Conley v. Gibson*, 355 U.S. 41,

45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For that reason, a motion to dismiss for failure to state a claim is viewed with disfavor and rarely is granted. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).

■ One threshold question that must be addressed in assessing whether Foster has stated a claim against Reno and Underdown is whether they may be said to have any personal involvement in the conditions of confinement at APJ. The Fifth Circuit has held that, in a *Bivens* action, supervisors, such as Reno and Underdown, cannot be held liable under the doctrine of respondeat superior. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998); *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir.1993). In *Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976), the Supreme Court held that a supervising official does not violate a victim's constitutional rights unless he or she has played "an affirmative part" in the alleged misconduct of the subordinates. In order to be held liable, a plaintiff must show either that the supervisory official was personally involved in the acts causing the deprivation of a person's constitutional rights, or "implement[ed] a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn*, 150 F.3d at 544 (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987)); *see also Kite v. Kelley*, 546 F.2d 334, 337–38 (10th Cir.1976) (liability of a *Bivens* defendant can be predicated only on personal involvement or participation in the alleged constitutional acts). A defendant is not responsible for actions in which he did not himself participate. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987). The court may dismiss the plaintiff's lawsuit under Rule 12(b)(6) when these prerequisites for liability are not satisfied. *See Cronn*, 150 F.3d at 544.

We disagree with the magistrate that Foster's allegations are sufficiently specific to show Reno's and Underdown's personal

involvement in the conditions at APJ. In his amended complaint, Foster contends that Reno, and Jane Doe, the unnamed District Director of the INS, are "constructively and directly" responsible for the alleged constitutional violations because they knowingly, willfully, and recklessly placed the INS detainees in APJ in violation of clearly established law. *See id.* In his response to the magistrate's report and recommendation, Foster further argues that Reno and Underdown implemented a policy, pursuant to their statutory authority to house alien detainees in appropriate places of detention,[3] without first verifying that the jails conformed with constitutional standards.

■ Aside from vague assertions, Foster has not stated any factual allegations that show Reno and Underdown acted directly to deprive him of his constitutional rights. Foster has not alleged that either defendant was personally involved in subjecting him to the conditions he complains of at APJ or implemented any of the policies at APJ which in themselves were a violation of any constitutional rights. We disagree with the magistrate that the statutory provisions holding the Attorney General responsible for housing aliens awaiting removal in any way indicate that she is the appropriate party to hold responsible for alleged unconstitutional conditions of confinement at local jails.[4] We could find no case law supporting this proposition.[5]

3. 8 U.S.C. § 1231(g)(1).

4. The magistrate cites 8 U.S.C. §§ 1103, 1536, 1537, as support for his conclusion that the Attorney General and INS District Director are proper defendants. These three statutory provisions do hold the Attorney General responsible for housing removable aliens. They do not, however, suggest that the Attorney General should be held liable for money damages for unconstitutional conditions occurring at the housing facilities.

5. The magistrate cites *Medina v. O'Neill*, 838 F.2d 800, 802–03 (5th Cir.1988) for the proposition that the Attorney General is responsible for the conditions at APJ because she owes a duty to aliens awaiting removal. We agree that *Medina* implied that the Attorney

Without factual or legal support for Foster's allegation that Reno and Underdown are the appropriate defendants in this suit, we must dismiss them from this suit.

## III. Conclusion

For the foregoing reasons, we GRANT defendants Lynne Underdown's and Janet Reno's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(1) and 12(b)(6). Foster's complaint against these two defendants in both their official and individual capacities is DISMISSED WITHOUT PREJUDICE.[6]

General, through the INS, was required by the constitution to provide constitutionally adequate conditions of confinement to removable aliens. *See id. Medina* did not, however, provide for an automatic *Bivens* right of action against the Attorney General or the INS District Director based on this duty. Accordingly, we conclude the requirement that the plaintiff prove personal involvement of the defendant in the conditions of confinement remains as prerequisite to liability.

6. Given that we conclude that Reno and Underdown are entitled to dismissal under Federal Rules of Civil Procedure 12(b)(6), we need to entertain the defendants' arguments as to other possible reasons warranting dismissal.