**MERAL SMITH, Appellant/Plaintiff**

**v.**

**CHARLES W. TURNBULL and IVER A. STRIDIRON,**
**Appellees/Defendants**

S. Ct. Civ. No. 2007-0104

Supreme Court of the Virgin Islands

September 14, 2010

MERAL SMITH, St. Croix, USVI, *Pro se*

HODGE, *Chief Justice*; SWAN, *Associate Justice*; and STEELE, *Designated Justice.*[1]

## OPINION OF THE COURT

(September 14, 2010)

PER CURIAM. Appellant Meral Smith (hereafter "Smith"), a *pro se* prisoner, challenges the Superior Court's August 24, 2007 Order granting two motions to dismiss filed by Appellees Charles W. Turnbull (hereafter "Turnbull") and Iver Stridiron (hereafter "Stridiron"), as well as the Superior Court's September 13, 2007 Order denying his motion to alter or amend judgment. For the reasons that follow, we reverse the Superior Court's August 24, 2007 Order and vacate the September 13, 2007 Order as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1972, Smith was convicted for the shooting deaths of eight people at the Fountain Valley Golf Course in St. Croix and was sentenced to eight consecutive life sentences. On August 2, 2001, Smith was transferred to Wallens Ridge Prison (hereafter "Wallens Ridge") in Big Stone Gap, Virginia, to serve the remainder of his sentence.[2] After his transfer, Smith

---

[1] Associate Justice Maria M. Cabret has been recused from this matter. Patricia D. Steele, a sitting judge of the Superior Court, sits in her place by designation pursuant to 4 V.I.C. § 24(a).

[2] In letters dated August 4 and August 20, 2009, Smith notified this Court that he has since been transferred to the Golden Grove Adult Correctional Facility on St. Croix.

filed a petition for writ of habeas corpus in the Superior Court challenging his confinement at Wallens Ridge on several grounds, including that Stridiron — at the time the Virgin Islands Attorney General — lacked statutory authority to effectuate the transfer and that Wallens Ridge lacked the educational or vocational programs to which he was statutorily entitled. *See* Super. Ct. Civ. No. 629/2001. In a February 8, 2002 Order in that case, the Superior Court held that 5 V.I.C. § 4503(c) authorized Smith's transfer and, in a November 1, 2005 Order, held that Wallens Ridge satisfies Smith's statutory entitlement to adequate educational and vocational programs. On February 26, 2008, the Appellate Division of the District Court affirmed the Superior Court's denial of Smith's petition. *See Smith v. Stridiron*, Civ. App. No. 2006/044, 2008 U.S. Dist. LEXIS 107739 (D.V.I. App. Div. Feb. 26, 2008).

On December 1, 2003, Smith filed a *pro se* complaint in the Superior Court against Stridiron and Turnbull — the Governor of the Virgin Islands at the time of Smith's transfer — in both their official and individual capacities, which sought money damages for alleged violations of his civil rights. Smith filed an amended complaint on June 16, 2004, and on November 2, 2005, Smith, noting that neither Stridiron nor Turnbull had filed an answer, moved for entry of default and for default judgment. The Virgin Islands Department of Justice filed an answer on January 24, 2006, and on the following day filed an opposition to entry of default.

In a May 25, 2007 Order, the Superior Court, without ruling on Smith's motion for entry of default, dismissed the case for lack of subject matter jurisdiction. However, after Smith filed a June 7, 2007 motion to alter or amend judgment, the Superior Court vacated its dismissal and, in a June 22, 2007 Order, set a "briefing schedule" that required "[a]ll further briefs" by Smith to be filed by July 10, 2007 and for Stridiron and Turnbull to file "[a]ny responses" by July 25, 2007. Over the next several weeks, Smith filed numerous documents in the Superior Court, including a demand for a jury trial, requests for admissions and documents, and a notice of interrogatories. On July 26, 2007, the Department of Justice opposed Smith's request for a jury trial and, on the same day, filed a motion to dismiss and a second motion. Smith filed three replies to these motions, and the Superior Court, in an August 24, 2007 Order, granted both motions to dismiss. Finally, Smith filed a motion to alter or amend the Superior Court's judgment that was docketed on September 11, 2007 but denied on September 13, 2007 as untimely. On September 21, 2007,

Smith timely filed a notice of appeal from the order granting Stridiron and Turnbull's motions to dismiss and the order denying his motion to alter or amend judgment.[3]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). Our review of the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). In particular, we review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009).

### B. The Superior Court Erred in Granting Stridiron and Turnbull's Motions to Dismiss

Smith, as his primary issue on appeal, contends that the Superior Court erred when it granted Stridiron and Turnbull's July 26, 2007 motions to dismiss because the motions were not properly before the Superior Court and because *res judicata* is inapplicable to this case. We agree.

#### 1. Stridiron and Turnbull's Motions to Dismiss Were Not Properly Before the Superior Court

As this Court has previously held, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is allowed only if it is made before pleading, 'if a further pleading is permitted' . . . and Rule 12(a), which allows twenty days for filing responsive pleadings, normally

_____

[3] The Superior Court's certified docket entries indicate that the date used for the filing of Smith's notice of appeal is the date on which the notice was mailed to the Superior Court rather than when it was actually received. Pursuant to Supreme Court Rule 5(c), "[i]f an inmate confined in an institution outside the . . . boundaries of the Virgin Islands files a notice of appeal . . . the notice is timely filed if it is deposited in the institution's internal mail system on or before the last day of filing." Accordingly, because the order dismissing Smith's claims was entered on August 24, 2007, the appeal from both of the trial court's orders was timely filed because it was filed within thirty days of the August 24, 2007 Order. *See* V.I.S.Ct.R. 5(a)(1).

controls the time limit on Rule 12(b) motions." *Martinez*, 51 V.I. at 190 (quoting FED. R. CIV. P. 12(b)). Here, both of the motions to dismiss clearly arose under Rule 12(b)(6),[4] yet were not filed until almost four years after Smith had initiated and served his complaint and a year and a half after Stridiron and Turnbull had already submitted an answer.[5] Moreover, because Smith had filed a motion for entry of default on November 2, 2005, the Superior Court lacked discretion to accept or consider Stridiron and Turnbull's January 24, 2006 answer or July 26, 2007 motions to dismiss until it first ruled on Smith's motion for default. *Id.* at 191 (holding that Superior Court is obligated to resolve motions for entry of default prior to considering subsequently-filed motions to dismiss pursuant to Rule 12(b)(6)). Accordingly, because neither motion to dismiss was properly before the Superior Court, this Court reverses the Superior Court's August 24, 2007 Order and vacates its September 13, 2007 Order as moot.

### 2. The Principle of Res Judicata is Inapplicable to the Instant Action

■ Because this Court holds that Stridiron and Turnbull's motions to dismiss were not properly before the Superior Court and, therefore, reverses its August 24, 2007 Order, it would not ordinarily be necessary for this Court to consider Smith's argument that the Superior Court erred when it held in its August 24, 2007 Order that *res judicata* bars Smith's complaint. However, it is well established that an appellate court, when ordering a remand to a trial court for further proceedings based on its disposition of one issue may, in the interests of judicial economy, nevertheless consider other issues that, while no longer affecting the outcome of the instant appeal, are "likely to recur on remand." *Rivera-*

---

[4] Stridiron and Turnbull's first motion, by its own terms, claimed that Smith had failed to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Although the second motion to dismiss — which alleged that *res judicata* precluded Smith's causes of action — does not state under which Rule 12(b) provision it was brought, courts have consistently characterized motions to dismiss pursuant to *res judicata* as arising under Rule 12(b)(6), provided that the issue decided in a prior action does not relate to subject matter jurisdiction. *See, e.g., Gupta v. Thai Airways Intern, Ltd.*, 487 F.3d 759, 764 (9th Cir. 2007); *Conrad v. United States*, 232 F.3d 900, at *2 (10th Cir. 2000) (unpublished); *Verdone v. United States*, No. 04-801C, 2005 U.S. Claims LEXIS 450, *6-7 (Fed.Cl. May 31, 2005).

[5] Although not relevant to our Rule 12(b)(6) analysis, this Court also notes that Stridiron and Turnbull's July 26, 2007 motions to dismiss were filed after the July 25, 2007 deadline for responsive filings set by the Superior Court in its June 22, 2007 Order.

*Flores v. Puerto Rico Telephone Co.*, 64 F.3d 742, 749 (1st Cir. 1995). Accordingly, given the likelihood that the Superior Court, after ruling on Smith's motion for entry of default and, if necessary, a motion by Stridiron and Turnbull to vacate the default, will again consider the question of whether *res judicata* precludes Smith's causes of action, this Court exercises its discretion to resolve this issue as part of the instant appeal.

██ It is well established that, to bind parties to a subsequent action to the outcome of a prior judgment pursuant to the principle of *res judicata*, it is required that (1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with the parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as the prior claims. *See CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). In holding that Smith's statutory claims were barred under the doctrine of *res judicata*, the trial court concluded that the first and third elements were met. The Superior Court did not, however, discuss the second element — privity of parties — in its August 24, 2007 Order.

██ Although the Superior Court correctly held that the judgment denying Smith's petition for writ of habeas corpus was valid, final, and on the merits, we cannot agree that all parties in Smith's current action are identical to the parties in the prior habeas corpus proceeding. In his habeas corpus action, Smith filed suit solely against Stridiron in his official capacity as Virgin Islands Attorney General. However, in his subsequent action, Smith has sued Stridiron and Turnbull in both their official and personal capacities. Importantly, appellate courts have held that "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity." *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987). The United States Court of Appeals for the Seventh Circuit has succinctly explained why an individual sued in his official capacity is not in privity with the same individual sued in his personal capacity:

> The defendants contend that the parties to the separate actions, while not identical, are in privity with one another. In the earlier suit, Conner sued the City of Green Bay. In the present action, however, Conner is suing two city officials in their personal capacities.

An official-capacity suit is really just another way of suing the government. Therefore, a city official sued in his official capacity is generally in privity with the municipality.

A government official sued in his personal capacity, however, presents a different case. If the plaintiff prevails against the official, the official must satisfy the judgment out of his own pocket, rather than having the government entity pay the damages. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). In addition, different legal theories may be necessary to prove liability in a personal-capacity, as opposed to an official-capacity, case. Also, different defenses are available to a defendant who is sued in his personal capacity. *Id.* at 166-67, 105 S. Ct. at 3105-06. Therefore, courts do not generally consider an official sued in his personal capacity as being in privity with the government. *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987); *Roy v. City of Augusta, Me.*, 712 F.2d 1517, 1521-22 (1st Cir. 1983); *see Kunzelman v. Thompson*, 799 F.2d 1172, 1178 (7th Cir.1986); *see also* C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4458, at 508 (1981) ("The relationships between a government and its officials justify preclusion only as to litigation undertaken in an official capacity. Thus a judgment against a government does not bind its officials in subsequent litigation that asserts a personal liability against the officials.").

*Conner v. Reinhard*, 847 F.2d 384, 394-95 (7th Cir. 1988) (some internal citations omitted). We agree and, accordingly, hold that, except for Stridiron sued in his official capacity, there is no privity of parties between Smith's current lawsuit and his prior petition for writ of habeas corpus.

■ ■ Moreover, we find that the third required element for application of *res judicata* — that the claims in the subsequent action arise out of the same transaction or occurrence as the prior claims — does not apply with respect to any of the parties. As the United States Supreme Court has explained,

[i]f a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Accordingly, appellate courts have agreed that a prisoner is precluded from seeking tort damages in a habeas corpus action. *See, e.g., McKinney-Bey v. Hawk-Sawyer*, 69 Fed. Appx. 113, 113-14 (4th Cir. 2003) ("To the extent that Appellant sought money damages, such relief is not available under [the federal habeas statute]. As the district court found, an action for monetary damages is properly pursued by way of a civil rights action. Thus, we affirm the district court's dismissal of Appellant's claim for money damages, noting that the dismissal is without prejudice as to Appellant's right to bring a civil rights action against the appropriate defendants for monetary damages."); *Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992) ("Habeas corpus . . . is not the appropriate or even available remedy for damages claims."). Like its federal counterpart, the local Virgin Islands habeas corpus statute — pursuant to which Smith filed his habeas corpus petition — does not authorize a prisoner to bring a claim for money damages as part of a habeas corpus action. *See* 5 V.I.C. § 1301 ("Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, *to inquire into the cause of such imprisonment or restraint.*" (emphasis added)). Consequently, because Smith would have been precluded from suing Stridiron and Turnbull for money damages in his prior habeas corpus action, this Court holds that Smith's claims in his underlying lawsuit do not arise from the same transaction or occurrence as his petition for writ of habeas corpus, and are thus not barred by *res judicata.*[6]

## III. CONCLUSION

Pursuant to the plain text of Federal Rule of Civil Procedure 12(b), as well as this Court's decision in *Martinez*, Stridiron and Turnbull's July 26, 2007 motions to dismiss were both untimely and not properly before the Superior Court due to the pendency of Smith's motion for default. Moreover, the Superior Court erred when it held that *res judicata* precluded Smith's complaint because not all the parties to Smith's instant

---

[6] Because this Court holds that the July 26, 2007 motions to dismiss were not properly before the Superior Court and that *res judicata* is not applicable to this dispute, it is not necessary for this Court to decide the remaining issues raised in Smith's *pro se* brief, including his claim that the Superior Court failed to address all of his causes of action in its dismissal order, and that his motion to alter or amend judgment was timely under the prisoner mailbox rule.

action are in privity with the parties in his prior petition for writ of habeas corpus and Smith could not have brought any claims for money damages in his habeas corpus action. Consequently, this Court reverses the Superior Court's August 24, 2007 Order, vacates as moot its September 13, 2007 Order, and remands the case for further proceedings consistent with this Opinion, including a ruling on Smith's November 2, 2005 motion for entry of default.