**HARD ROCK CAFÉ and GOVERNMENT OF THE VIRGIN ISLANDS,**
**Appellants/Respondents**

**v.**

**SANDRA ROSEMARY LEE, Appellee/Petitioner**

S. Ct. Civ. No. 2008-0049

Supreme Court of the Virgin Islands

March 4, 2011

623

RICHARD S. DAVIS, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellant.*

ALEXANDER A. DAWSON, ESQ., Legal Services of the Virgin Islands, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.* SWAN, *Associate Justice,* concurring in part, dissenting in part.

## OPINION OF THE COURT

(March 4, 2011)

HODGE, C.J. Appellant Government of the Virgin Islands[1] seeks reversal of the Superior Court's May 5, 2008 Order granting a petition for writ of review filed by Appellee Sandra Rosemary Lee and remanding the matter to the Unemployment Division of the Department of Labor for a new hearing. For the reasons that follow, we affirm the portion of the Superior Court's decision which held that the Department of Labor violated Lee's due process rights, but, with respect to all other issues raised by the parties, dismiss the appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2000, Hard Rock Café terminated Lee from her position as a prep cook, which she had held since March 1995. Lee subsequently filed a claim for unemployment benefits with the Virgin Islands Employment Security Agency, but, in a decision mailed on June 1, 2000, her application was denied on the grounds that she had been discharged for absenteeism and tardiness. On June 6, 2000, Lee appealed this determination to the Department of Labor's Appeals and Hearing Unit, which scheduled a hearing for June 23, 2000.

At the June 23, 2000 hearing, an administrative law judge ("ALJ") took testimony from both Lee — who appeared *pro se* — and representatives from Hard Rock Café's management. The hearing was conducted telephonically, with the parties present in St. Thomas and the ALJ presiding from St. Croix. During these proceedings, Hard Rock Café discussed an employee handbook that contained a progressive discipline policy, but its representatives had not brought a copy of the handbook with them to the hearing. In response, the ALJ ordered Hard Rock Café to mail the pertinent part of the handbook to her after the hearing. Although Lee had brought her copy of the handbook with her to the hearing and offered to provide it to Hard Rock Café's witness and to the ALJ, the ALJ observed that Lee likely signed for that handbook and might not want "to give it up," and reiterated that Hard Rock Café should mail

---

[1] Although Hard Rock Café is identified as an appellant in the case caption, it has not filed a notice of appeal, submitted an appellate brief, or otherwise participated in this matter.

the ALJ a copy of the handbook after the hearing. Furthermore, the ALJ, after inquiring as to whether Hard Rock Café kept records of its employees' attendance, ordered Hard Rock Café to also mail copies of Lee's February 10, 2000 and February 22, 2000 time cards after the hearing so that they may be used as evidence. After Lee told the ALJ that she did not recall those dates, did not have copies of these time cards, and that a Hard Rock Café manager had told her that they do not keep records anymore, the ALJ ordered Hard Rock Café to also send copies of the records to Lee. At the conclusion of the hearing, the ALJ re-affirmed that she wanted Hard Rock Café to mail her and Lee a copy of the handbook and its time records.[2]

On July 18, 2000, the ALJ issued a decision, along with findings of fact and conclusions of law, affirming the initial determination that Lee was ineligible for unemployment benefits on the grounds that Lee had committed misconduct by violating Hard Rock Café's attendance policies. Lee filed a motion for reconsideration, which the ALJ denied on August 11, 2000. On August 23, 2000, Lee — now represented by counsel — filed a petition for writ of review of the DOL's decision in the Superior Court. The Superior Court, after considering briefs filed by both Lee and the Government, issued a May 5, 2008 Order[3] reversing the DOL's decision and remanding the matter for a new hearing on the grounds that substantial evidence did not support the ALJ's finding that Lee committed misconduct and that the ALJ's actions deprived her of an opportunity to confront and rebut evidence, thus violating her right to due process under

---

[2] The record is silent as to whether Hard Rock Café mailed Lee copies of the handbook and time sheets it had sent to the ALJ.

[3] This Court notes that, although Lee filed her petition for writ of review on August 23, 2000 and the Superior Court entered an order authorizing review on February 20, 2001, the matter lay completely dormant in the Superior Court between May 25, 2001 and June 19, 2006, when the Superior Court set the matter for calendar call. Although not raised as an issue in this appeal, and thus waived, this Court, as part of its role in the development of the Virgin Islands's "institutional traditions," *Pichardo v. V.I. Com'r of of Labor*, 613 F.3d 87, 100, 53 V.I. 936 (3d Cir. 2010), reminds the Superior Court that the Legislature has mandated that appeals of unemployment benefits decisions "be heard summarily and given precedence over all other civil cases except those arising under the Workers' Compensation Administration Law of the Virgin Islands." 24 V.I.C. § 306(e)(3).

■

the law. The Government timely filed its notice of appeal on May 29, 2008.[4]

## II. DISCUSSION

### A. This Court Possesses Partial Jurisdiction Over the Government's Appeal

■ Prior to considering the merits of an appeal, this Court must first determine if it has jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't*, 50 V.I. 276, 279 (V.I. 2008). While both the Government and Lee contend in their briefs that this Court possesses jurisdiction to review the Superior Court's May 5, 2008 Order,[5] "it is well established that 'remands to administrative agencies are not ordinarily appealable' as a final judgment on the merits."[6] *Gov't of the V.I. v.*

---

[4] *See* V.I.S.CT.R. 5(a)(1) ("In a civil case in which an appeal is permitted by law as of right from the Superior Court to the Supreme Court, the notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from; but if the Government of the Virgin Islands or an officer or agency thereof is a party, the notice of appeal may be filed by any party within sixty days after such entry.").

[5] In their briefs, the Government and Lee both cite to section 21 of title 4 of the Virgin Islands Code as the jurisdictional authority for this appeal. Section 21, however, merely establishes the Supreme Court of the Virgin Islands, and is silent as to its jurisdiction. While Lee, in addition to invoking section 21, also cites to section 32 of title 4, this statute expressly provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a).

[6] We recognize that, under certain circumstances, an order holding that an administrative agency's decision is not supported by substantial evidence and remanding the matter to the agency could constitute a final appealable order under the "practical finality rule" adopted by some appellate courts. But in this case, the Superior Court's holding that the ALJ's finding that Lee committed misconduct was not supported by substantial evidence does not necessarily preclude the DOL from potentially denying benefits to Lee on some other ground. *See Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1262 (10th Cir. 2001) (collecting cases). In addition, even if we were to assume without deciding that the Superior Court's topical heading "Substantial Evidence Supports the Finding that Petitioner is Entitled to Unemployment Insurance Benefits" — a holding which is never made anywhere in the text of the May 5, 2008 Order — could be construed as a requirement that the DOL award benefits to Lee on remand, the DOL would still — at a minimum — have to determine the exact amount of unemployment benefits that Lee should receive, which, given that almost eleven years have passed since Lee's termination, may not necessarily be a purely ministerial inquiry. *See Marshak v. Treadwell*, 240 F.3d 184, 190 (3d Cir. 2001) ("A finding of liability that does not also specify damages is not a final decision.") (collecting cases). Therefore, the Superior Court's May 5,

*Crooke*, S. Ct. Civ. No. 2007-0109, 2010 V.I. Supreme LEXIS 28, *8 (V.I. Aug. 24, 2010) (quoting *United Steelworkers of Am., Local 1913 v. Union R.R. Co.*, 648 F.2d 905, 909 (3d Cir. 1981)). *See also H&H Avionics v. V.I. Port Auth.*, 52 V.I. 458, 460 (V.I. 2009) (explaining that parties may not stipulate to presence or lack of subject matter jurisdiction). But, as this Court has recently explained in an appeal with a similar procedural posture,

> the United States Supreme Court has authorized an extremely narrow exception to the final judgment rule, in the form of the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). "Under the collateral order doctrine, the Supreme Court recognized an exception to the final judgment rule for a small class of prejudgment orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, and are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Enrietto*, 49 V.I. at 319 (internal quotations and citations omitted). "To fall within the exception, an order . . . . must conclusively determine the disputed question; . . . resolve an important issue completely separate from the merits of the action; and . . . must be effectively unreviewable on appeal from a final judgment." *Id.* at 319 (citing *Richardson-Merrell, Inc., v. Koller*, 472 U.S. 424, 430, 105 S. Ct. 2757, 2761, 86 L. Ed. 2d 340 (1985)) (internal quotations omitted). . . .
>
> [A]lthough courts have held that litigants may generally not appeal agency remands pursuant to the collateral order doctrine because in most circumstances the trial court's decision will, at some point, become reviewable on appeal, *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 329-30 (D.C. Cir. 1989) (collecting cases), "most circuits have also made an exception to this blanket rule when it is the . . . agency itself that brings an appeal . . . . because the agency is bound on remand by the standard articulated by the [trial] court and so would not have a chance to appeal from any further judgment, making the [trial]

---

2008 Order does not constitute a final appealable order even though the Superior Court held that the ALJ's decision to deny benefits based on Lee purportedly committing misconduct was not supported by substantial evidence.

court's determination effectively unreviewable by the agency on remand." *Shipbuilders Council of America v. U.S. Coast Guard*, 578 F.3d 234, 239 (4th Cir. 2009) (citing *Occidental Petroleum Corp.*, 873 F.2d at 330). *See United States v. Alcon Laboratories*, 636 F.2d 876, 884-85 (1st Cir. 1981); *Director, Office of Workers' Compensation Programs v. Brodka*, 643 F.2d 159, 161-63 (3d Cir. 1981), *Cohen v. Perales*, 412 F.2d 44, 48 (5th Cir.1969); *Stone v. Heckler*, 722 F.2d 464, 467 (9th Cir. 1983); *Bender v. Clark*, 744 F.2d 1424, 1428 (10th Cir. 1984); *Huie v. Bowen*, 788 F.2d 698, 703 (11th Cir. 1986).

*Crooke*, 2010 V.I. Supreme LEXIS 28, at *19.

In addition, the United States Court of Appeals for the Third Circuit, though not expressly invoking the collateral order doctrine, found that these three requirements were met in similar cases involving trial court orders remanding matters to an administrative agency because of due process violations. *See AJA Assocs. v. Army Corps of Eng'rs*, 817 F.2d 1070 (3d Cir. 1987); *Union Steelworkers*, 648 F.2d at 909. In *AJA Associates*, the Third Circuit found that a holding that an administrative agency's procedures violated due process constituted an "important legal issue" of "wide-reaching impact" that went beyond the facts of that particular case. *AJA Assocs.*, 817 F.2d at 1073. More significantly, the Third Circuit recognized that a remand to the agency without appellate review of the due process issue "would foreclose appellate review as a practical matter," since it was certain that the matter would either "never return to the courts" if "the Corps grants AJA a permit" or the due process issue "will have become moot" if the agency still denied a permit after holding the hearing in the manner the trial court mandated in its order. *Id.* Likewise, in *United Steelworkers*, the Third Circuit found that "[t]he [right to counsel] issue the Railroad raises now . . . will no longer be a subject for Board or district court consideration" because the district court's "revers[al] [of] the Board's determination that Godich was not denied his right to counsel" and direction that the matter be remanded "for a *de novo* investigation hearing" would moot the matter and thus, "[u]nless review is permitted now, the Railroad may be denied a full opportunity to challenge the . . . order later." *United Steelworkers*, 648 F.2d at 909-10.

██ Here, as in *United Steelworkers* and *AJA Associates*, the three requirements necessary to exercise jurisdiction pursuant to the collateral

order doctrine are clearly met with respect to the Superior Court's finding that Lee's due process rights were violated due to the post-hearing submission of evidence. As to the first requirement, the Superior Court's May 8, 2008 Order conclusively determined, without the need for further proceedings before the Superior Court or the DOL, that Lee's due process rights were violated at the June 23, 2000 hearing. With respect to the second requirement, the important legal question of what due process protections apply in the context of a DOL hearing is clearly separate from the merits of the underlying action, which concerns whether Lee is entitled to collect unemployment insurance benefits. Finally, as in *Crooke*, the instant appeal has not been brought by an individual litigant, but by a governmental agency that, on remand, will be required to conduct a hearing in the manner directed by the Superior Court and — regardless of the ultimate result — will not be able to challenge the Superior Court's due process decision in any future proceeding.[7]

None of these requirements, however, are met with respect to the Superior Court's substantial evidence decision. Importantly, the Superior Court's holding that the DOL's finding that Lee committed misconduct is not supported by substantial evidence is not an important issue separate from the merits of whether Lee is entitled to unemployment benefits. Thus, remand would not moot the issue or otherwise prevent appellate review at a future date. Accordingly, although we possess jurisdiction to review the Superior Court's due process holding, we dismiss for lack of jurisdiction the Government's appeal of the portion of the May 8, 2008 Order that held that the ALJ's finding of misconduct was not supported by substantial evidence.

## B. The Superior Court Correctly Held that Lee's Due Process Rights Were Violated

In its appellate brief, the Government first contends that Lee never objected to the *ex parte* submission of her time sheets or Hard Rock

---

[7] As this Court noted in *Crooke*, an administrative agency lacks standing to file a petition for writ of review of its own decision in the event none of the parties before it challenge the result of the hearing. *See Crooke*, 2010 V.I. Supreme LEXIS 28, at *23. Moreover, even if Lee or Hard Rock Café were to file a petition for writ of review after remand, the due process issue would have become moot because the Government would presumably comply with the Superior Court's May 8, 2008 Order on remand. *AJA Assocs.*, 817 F.2d at 1073.

Café's employee handbook during the DOL proceedings, and thus any argument that her due process rights were violated had been waived. With respect to the merits, the Government argues that Lee's due process rights were not violated because Lee had the opportunity to cross-examine adverse witnesses, to introduce evidence, and to make arguments on her own behalf. Significantly, the Government asserts that the authenticity of the handbook was never in doubt because Lee had presented her copy as evidence at the June 23, 2000 hearing. Since all of these issues involve pure questions of law, this Court exercises plenary review over the Superior Court's decision. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

### 1. *Lee Did Not Waive Her Due Process Argument*

As a threshold matter, we reject the Government's claim that Lee was barred from raising her due process argument for the first time in her petition for writ of review. This Court recognizes that, in *Pichardo v. Benjamin*, S.Ct. Civ. No. 2007-0061, 2008 V.I. Supreme LEXIS 25, *7 (V.I. Apr. 16, 2008), *aff'd*, 613 F.3d 87, 53 V.I. 936 (3d Cir. 2010), we held, in the wrongful discharge context, that the Superior Court lacked jurisdiction to rule on the merits of an issue that had not been raised before the DOL. Moreover, notwithstanding *Pichardo*, we acknowledge that this Court has repeatedly held that, in a civil case, a litigant must raise an issue at all stages of the proceeding in order to preserve that issue for appellate review. *See, e.g., Madir v. Daniel*, 53 V.I. 623, 634-35 (V.I. 2010); *Ruiz v. Jung*, S.Ct. Civ. No. 2008-0035, 2009 V.I. Supreme LEXIS 43, *11-12 (V.I. Oct. 19, 2009); *Spencer v. Navarro*, S.Ct. Civ. No. 2007-0069, 2008 V.I. Supreme LEXIS 18, *5 (V.I. June 27, 2008).

██ These authorities, however, are inapplicable to this case. First, this Court based its decision in *Pichardo* on the fact that petitions for writ of review of DOL decisions in wrongful discharge cases arise under section 70 of title 24, which expressly provides that "[n]o objection that has not been urged before the Commissioner shall be considered by the Court unless the failure or neglect to urge objection is excused because of extraordinary circumstances." 24 V.I.C. § 70(b). Petitions for writ of review of DOL decisions granting or denying unemployment benefits, however, are brought pursuant to section 306 of title 24, which expressly states that "[e]xceptions to rulings of the hearing examiner shall not be necessary to obtain judicial review," 24 V.I.C. § 306(e)(1), and provides

that "[t]he jurisdiction of the reviewing court shall be confined to questions of law, and, in the absence of fraud, the findings of fact by the hearing examiner, if supported by substantial evidence regardless of statutory or common-law rules, shall be conclusive," without precluding the Superior Court from considering issues raised for the first time in a petition for writ of review. 24 V.I.C. § 306(e)(3). In other words, in the unemployment benefits context, the Legislature has expressly abrogated the general rule that a litigant waives any issues that were not raised or objected to in the administrative agency proceeding. Accordingly, since her petition for writ of review arose under section 306, Lee was permitted to argue, for the first time in the Superior Court, that the DOL violated her due process rights.

### 2. The ALJ's Reliance on Ex Parte Evidence Deprived Lee of a Fair Hearing

█ Title 24, section 306 of the Virgin Islands Code — which authorizes administrative appeals of initial determinations of unemployment insurance eligibility — requires that the DOL provide "[a] reasonable opportunity for a fair hearing. . . to all parties," although it may "receive and consider evidence without regard to statutory and common-law rules." 24 V.I.C. § 306(c). The United States Supreme Court has held that the right to a fair hearing, in the context of an administrative proceeding to determine eligibility for public benefits, requires that the claimant receive "an *effective* opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg v. Kelly*, 397 U.S. 254, 268, 90 S. Ct. 1011, 1020, 25 L. Ed. 2d 287 (1970) (emphasis added). Notably, "the decisionmaker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced *at the hearing*." *Id.* at 271 (citing *Ohio Bell Tel. Co. v. PUC*, 301 U.S. 292, 57 S. Ct. 724, 81 L. Ed. 1093 (1937)) (emphasis added).

█ Here, Lee's due process rights were clearly violated when the ALJ allowed Hard Rock Café to submit the handbook and time sheets into evidence after the hearing had concluded. Although the Government contends that the handbook had been authenticated because Lee had brought her copy of the handbook to the hearing, the ALJ had declined to admit Lee's handbook into evidence, and the record does not indicate that any of the parties relied on Lee's handbook during the telephonic

proceedings. Thus, as the Superior Court implies in its May 5, 2008 Order, it is possible that the handbook Hard Rock Café sent to the ALJ after the hearing could have been different from the handbook it provided to Lee during the course of her employment. Therefore, by allowing Hard Rock Café to admit a handbook into evidence after the hearing had concluded, Lee was precluded from inspecting that handbook to determine whether it was identical to her handbook and — if they were not — from cross-examining Hard Rock Café's representatives as to any discrepancies.

Likewise, after the ALJ authorized Hard Rock Café to submit copies of Lee's time sheets after the hearing, Lee informed the ALJ that she had never seen the time sheets, that Hard Rock Café representative had told her "that they do not keep records anymore," and "that they deleted [the time sheets] off of the computer." (J.A. 64-65.) While Lee did not expressly state that the time sheets should not have been admitted into evidence, as a *pro se* party she is entitled to "greater leeway" when it comes to "follow[ing] the technical rules of pleading and procedure," for it is "inequitable to insist on strict adherence to the rules by a *pro se* party in such an informal atmosphere when such insistency would result in the loss of a right to due process." *Dennie v. Swanston*, 51 V.I. 163, 170 (V.I. 2009). Thus, because Lee clearly conveyed her intent to challenge the authenticity of the time sheets, yet the ALJ authorized Hard Rock Café to enter them into evidence on an *ex parte* basis after the hearing had already concluded, the DOL failed to satisfy the minimum requirements for a fair hearing. Accordingly, we affirm the portion of the Superior Court's May 8, 2008 Order which held that the DOL violated Lee's due process rights.[8]

### III. CONCLUSION

Pursuant to the collateral order doctrine, this Court possesses jurisdiction to review the portion of the Superior Court's May 8, 2008

---

[8] We note that, in her appellate brief, Lee — for the first time on appeal — sets forth an alternate argument in support of the Superior Court's holding that her due process rights were violated. Specifically, Lee argues that her due process rights were also violated because the DOL did not provide her with sufficient notice of the June 23, 2000 hearing. However, given our decision to affirm the portion of the Superior Court's May 5, 2008 Order that held that the *ex parte* submission of evidence violated Lee's due process rights, and to dismiss for lack of jurisdiction the Government's appeal of the portion of the order that held the ALJ's finding that Lee committed misconduct was not supported by substantial evidence, it is not necessary for us to consider Lee's alternate ground for affirming the Superior Court.

Order holding that the DOL violated Lee's due process rights, but not the portion holding that substantial evidence did not support the ALJ's finding that Lee committed misconduct. Because it is well established that the right to a fair hearing — even in the context of an informal administrative proceeding — requires the right to cross-examine evidence, we agree that the ALJ's decision allowing Hard Rock Café to submit an employee handbook and time sheets after the hearing had concluded clearly violated Lee's due process rights. Accordingly, this Court affirms the Superior Court's due process holding and dismisses, for lack of jurisdiction, the Government's appeal of its substantial evidence holding.

SWAN, J., *concurring in part, dissenting in part.*

The Government of the Virgin Islands appeals the judgment of the Superior Court remanding the above-captioned case to the Virgin Islands Department of Labor's ("Department of Labor") Unemployment Division ("Unemployment Division") for a hearing consistent with the Superior Court's May 5, 2008 Order.

Hard Rock Café's management personnel and Sandra Rosemary Lee, a former employee of Hard Rock, appeared before Administrative Law Judge ("ALJ"), June Austin. The ALJ conducted a telephonic hearing on Lee's appeal from the Unemployment Division's decision, denying her petition for unemployment benefits. At the telephonic hearing, the ALJ informed Hard Rock's management personnel that after the conclusion of the hearing, Hard Rock would be allowed to submit evidence in support of its contention that Lee had engaged in misconduct during her employment with Hard Rock. Lee was never afforded an opportunity to examine or to review the same evidence. Subsequently, the ALJ affirmed the Unemployment Division's decision that Lee was ineligible for unemployment benefits. On appeal to the Superior Court, the Superior Court reversed the ALJ's determination and remanded the case to the Department of Labor for further proceedings. The Government then appealed to this Court from the Superior Court's May 5, 2008 Order reversing and remanding the case.

For the reasons elucidated below, I conclude that this Court lacks jurisdiction to consider the merits of this case. Therefore, I would dismiss the Government's appeal from the Superior Court's Order remanding the case to the Department of Labor for a meaningful hearing consistent with the due process requirements of the United States Constitution.

634

## I. FACTS AND PROCEDURAL HISTORY

Lee was employed by Hard Rock as a prep cook from March 1995 until May 2000, when her employment was terminated. According to Hard Rock's assistant general manager, Peter F. Vossenberg, Lee was sent home on Saturday, May 20, 2000, for being one half-hour late for work. Vossenberg stated that Lee was requested to appear on May 22, 2000 to discuss her job performance. Lee approached Vossenberg on May 22, 2000, intending to discuss with him her attitude in the workplace and her job performance. Vossenberg alleged that Lee manifested a negative attitude during the May 22, 2000 meeting; therefore, he perceived no need to further counsel Lee because he had previously, without success, counseled her about her behavior in the workplace. Therefore, Vossenberg terminated Lee.

On May 27, 2000, Lee filed a claim for unemployment benefits ("benefits") with the Department of Labor's Unemployment Division. On June 1, 2000, the Department of Labor mailed to Lee the Unemployment Division's decision, which denied Lee's claim for benefits. On June 6, 2000, Lee appealed the Unemployment Division's decision, denying her claim for benefits. The appeal was filed with the Department of Labor's Hearing and Appeals Unit ("Hearing and Appeals Unit"). On June 15, 2000, the staff of the Hearing and Appeals Unit mailed Lee a notice to appear on June 23, 2000 for a hearing on her appeal of the denial of benefits. Accordingly, on June 23, 2000, the Hearing Unit conducted a telephonic hearing on Lee's claim for benefits. At the telephonic hearing conducted by the ALJ, Lee appeared *pro se*; Vossenberg and Linda Frigerio, Hard Rock's general manager, appeared at the hearing on behalf of Hard Rock.

In a July 18, 2000 decision, the ALJ concluded the following: (1) that in January 1999, Hard Rock implemented a progressive discipline procedure which included coaching, counseling, and investigating to correct problems in the workplace; (2) that all employees were aware of the general policy manual, addressing the procedures the employer could utilize for each documented work-related infraction; (3) that between the months of February and April 2000, Hard Rock experienced some scheduling problems with Lee, who failed to appear for work, thereby affording Hard Rock little or no advanced notice of her absence in order to make arrangements to provide for coverage of Lee's work shift; (4) that

on April 20, 2000, Hard Rock issued Lee a final warning in the form of a notice of disciplinary action because of her absence from work; (5) that on Saturday, May 20, 2000, Lee was sent home after reporting to work one half hour late; (6) that Lee was asked to return on Monday, May 22, 2000, for counseling with the assistant general manager; and (7) that the counseling discussion which ensued on that date resulted in Lee's termination from her employment.

Relying on title 24, section 304(b)(3) of the Virgin Islands Code,[1] the ALJ concluded that Lee was terminated for misconduct; therefore, she was ineligible for unemployment benefits. Lee filed a Motion for Reconsideration with the Hearing and Appeals Unit. On August 11, 2000, Lee's Motion for Reconsideration was denied.

On August 23, 2000, Lee filed a Petition for a Writ of Review with the Superior Court, seeking to have that court review the ALJ's decision. On February 20, 2001, the Superior Court granted Lee's Petition for Writ of Review. In a May 5, 2008 Order, the Superior Court vacated the ALJ's decision and remanded the case to the Unemployment Division for the Unemployment Division to grant relief consistent with the Superior Court's May 5, 2008 Order.[2] Thereafter, the Government filed a timely appeal to this Court.

---

[1] Title 24, section 304(b)(3) of the Virgin Islands Code states the following:

> An insured worker shall not be disqualified for waiting-week credit or benefits for any week of his unemployment unless with respect to such week the Commissioner of Labor finds that:
>
> . . .
>
> he was discharged for misconduct connected with his most recent work, in which case he shall be disqualified for the week in which he was discharged and beginning with the first day of the week following the week in which he was discharged until he has worked in at least four subsequent weeks (whether or not consecutive) and earned not less than four times his weekly benefit amount . . . .

24 V.I.C. § 304(b)(3).

[2] In relevant part, the May 5, 2008 Order states the following:

> **ORDERED,** that the decision of the Unemployment Division of the Department of Labor is **REVERSED,** and it is further
> **ORDERED,** that all the findings and rulings made by the Administrative Law Judge in Virgin Islands Appeal Case No. 040-01-00, are **VACATED,** and it is further
> **ORDERED,** that this matter is **REMANDED** for further proceedings which afford Petitioner relief consistent with this Order of the Court . . . .

(Super. Ct. Order of May 5, 2008 at 9-10; App. of Appellant at 11-12.)

## II. JURISDICTION

Our jurisdiction in this case is subject to a determination of whether the remand of a case to an administrative agency for further proceeding on the merits of the case is either a final order or an appealable interlocutory order. Pursuant to title 4, section 32(a) of the Virgin Islands Code, this Court exercises "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court . . . ." Additionally, the Court may exercise its appellate jurisdiction when an interlocutory order of the Superior Court grants, continues, modifies, dissolves or refuses to dissolve or modify an injunction. V.I. CODE ANN. tit. 4, § 33. The other statutory bases for an interlocutory appeal under title 4 of the Virgin Islands Code are not applicable to this appeal.

## III. STANDARD OF REVIEW

This Court's review of an order remanding a case to an administrative agency for further proceedings is conducted on a case by case basis. *Sullivan v. Finkelstein*, 496 U.S. 617, 623, 110 S. Ct. 2658, 110 L. Ed. 2d 563 (1990) ("There is, of course, a great variety in remands, reflecting in turn the variety of ways in which agency action may be challenged in the [trial] courts and the possible outcomes of such challenges.").

## IV. ISSUE

On appeal, the Government importunes this Court to consider whether "substantial evidence supports the finding that Lee is not entitled to unemployment insurance benefits[.]" (Br. of Appellant 3.) However, I must address a more critical issue *sua sponte*: whether the trial court's May 5, 2008 Order remanding the case to the Unemployment Division for further proceedings is appealable to this Court.

## V. DISCUSSION

### A. Whether this Court has Jurisdiction Over an Appeal from the Trial Court's May 5, 2008 Order Remanding the Case to the Unemployment Division for Further Proceedings

In its May 5, 2008 Order, the Superior Court concluded, *inter alia*, that the ALJ's decision was unsupported by substantial evidence and that Lee was deprived of her due process right under the law. (Super Ct. Order of May 5, 2008 at 6, 8; App. of Appellant at 8, 10.) After the Superior Court

vacated the ALJ's decision and remanded the case to the Unemployment Division for it to grant relief consistent with its May 5, 2008 Order, the Government promptly filed an appeal to this Court.[3] Essentially, the Government's appeal fails to satisfy the prerequisites for appealing a final order or for appealing an interlocutory order. Accordingly, I will explicate why the Superior Court's May 5, 2008 Order remanding the case to the Unemployment Division for alternate findings does not constitute either a final order or an appealable interlocutory order.

### 1. Jurisdiction Over a Final Order or Judgment of the Superior Court

This Court's jurisdiction is imbedded in title 4, section 32(a) of the Virgin Islands Code, which states "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court . . . ." Additionally, title 4, section 33 provides that a final judgment or order is appealable only upon entry in the trial court of the final judgment or order.

"A final judgment 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Riley v. Kennedy*, 553 U.S. 406, 419, 128 S. Ct. 1970, 170 L. Ed. 2d 837 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)); *see also V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). Ordinarily, a case that is remanded to an administrative agency is not a final order for the purpose of appellate jurisdiction. *Yusupov v. Att'y Gen.*, 518 F.3d 185, 195 (3d Cir. 2008) (citing *Dir., Office of Workers' Comp. Programs v. Brodka*, 643 F.2d 159, 161 (3d Cir. 1981)). The same rule is applicable to this case. The Superior Court remanded the case to the Unemployment Division of the

---

[3] Much confusion surrounds which division of the Department of Labor will receive the case upon remand. The ALJ's decision, which is the subject of Lee's Petition for Writ of Review, clearly indicates that it is a decision from the Hearing and Appeals Unit and not from the Unemployment Division. The decision further informs that "This decision will become final unless a petition for Judicial Review is filed in the Territorial Court of the Virgin Islands thirty (30) days after this decision has been mailed or otherwise delivered to each party." (*Id.* at 13.) Importantly, application for unemployment benefits is first made to the Unemployment Division. Decisions of this Division are appealed to the Hearing and Appeals Unit of the same Department of Labor and presided over by an ALJ. Therefore, unless otherwise indicated, an appeal from a decision by the Hearing and Appeals Unit is necessarily remanded to the Hearing and Appeals Unit.

Department of Labor for a hearing that is consistent with that court's May 5, 2008 Order. Because the Superior Court ordered the Unemployment Division to make further determinations on the facts of the case, I eschew concluding that the trial court's Remand Order is a final order from which there is nothing else left for the Hearing and Appeals Unit or the Superior Court to do other than execute the judgment or order. Therefore, this Court does not have jurisdiction to hear this appeal pursuant to the authority vested in this Court by title 4, section 32(a) of the Virgin Islands Code.

### 2. Jurisdiction Over an Interlocutory Order

The Government's alternate basis for an appeal falls under the interlocutory appeals provision in title 4, section 33(b) of the Virgin Islands Code. This Court has jurisdiction over "[civil] interlocutory orders of the Superior Court . . . , or judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 4 V.I.C. § 33(b)(1). Additionally, this Court has jurisdiction over "[civil i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." *Id.* at 33(b)(2). Further, Rule 5 of the Virgin Islands Supreme Court Rules states that an order that is appealable as of right must be either final or included within the categories of interlocutory orders specified in title 4, sections 33(b) or (c) of the Virgin Islands Code.

Irrefutably, the Superior Court's Remand Order of May 5, 2008, remanding the case to the Department of Labor for further proceedings, including the opportunity to "confront and rebut evidence presented against her[,]" does not constitute an appealable interlocutory order because the Order is not an injunction, nor is it an order pertaining to receivers or receivership, nor does the Superior Court's Remand Order fall within the statutory purview of title 4, section 33(c) of the Virgin Islands Code.[4] Therefore, the Government's basis for seeking an appeal

---

[4] Title 4, section 33(c) states:

> Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of

to this Court from the Superior Court's Remand Order fails to comply with the prerequisites for an appeal under title 4, sections 32 and 33 of the Virgin Islands Code.

## B. Proceedings on Remand

However, because this case has been remanded to the ALJ for further proceedings, there is an important issue that I must address. This Court has recognized that, "an appellate court . . . may, in the interests of judicial economy, nevertheless consider other issues that, while no longer affecting the outcome of the instant appeal, are 'likely to recur on remand.' " *Phipps v. People of the V.I.*, S.Ct. Crim. No. 2008-0032 at *7, 2011 V.I. Supreme LEXIS 1, *11 (V.I. Feb. 14, 2011) (quoting *Smith v. Turnbull*, S.Ct. Civ. No. 2007-0104, 2010 V.I. Supreme LEXIS 34, *8 (V.I. Sept. 14, 2010)). Therefore, without addressing the merits of the case, and independent from the case itself, I am compelled to address the issue of a telephonic hearing's impact on Lee's due process rights.

The Fourteenth Amendment to the Constitution of the United States provides, in pertinent part, that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend., XIV § 1; *see also* Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86 (1995) (preceding V.I. CODE ANN. tit. 1). Importantly, Lee has "a property right in receiving unemployment benefits to which [she] is entitled by [our local] statute[, title 24, section 304(b)(3)] . . . . Thus, it is clear that [she] may not be deprived of this right without due process." *Ross v. Horn*, 598 F.2d 1312, 1317-18 (3d Cir. 1979) (citing *Mathews v. Eldridge*, 424 U.S. 319, 322, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)).

Before a government agency deprives a person of a property right, there must be a hearing, which entails an opportunity for the person to

---

litigation, the judge shall so state in the order. The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings, in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings.

4 V.I.C. §.33(c).

defend that right. *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008). Such a procedural safeguard is established to ensure that substantially unfair and simple mistaken deprivations can be avoided. *Id.* The three factors the Supreme Court of the United States has considered in assessing whether a claimant was afforded a hearing that complies with due process include: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, as well as the probability, if any, of substitute procedural safeguards; "and (3) the government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirement would entail." *Wilkinson v. Austin*, 545 U.S. 209, 211, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citing *Mathews*, 424 U.S. at 335 (1976)). In assessing whether Lee was afforded due process under the law at a telephonic hearing, I will now evaluate each factor.

On June 23, 2000 Lee appeared for a hearing before the ALJ. Lee, Hard Rock's representatives and the Government's representatives were on St. Thomas, while the ALJ presided over the proceedings via telephone from St. Croix. Therefore, the ALJ, whose duties included judging the credibility of all witnesses, was unable to observe the demeanor of the persons or witnesses who appeared and testified during the administrative hearing. Undeniably, as dictated by the facts of this case, credibility determinations are important in proceedings to determine whether to grant or deny unemployment benefits. Furthermore, the ultimate decision of whether an employee is entitled to unemployment benefits can be influenced by the ALJ's credibility determinations of the witnesses who testify at the hearing.

There is case law precedent which rejects the use of telephonic hearings. Specifically, in a hearing to determine whether a former employee is entitled to unemployment benefits, the ALJ, as the factfinder, must evaluate the witnesses' credibility, which involves observing the demeanor of the witnesses during their testimony. *See Haebe v. DOJ*, 288 F.3d 1288, 1300 (Fed.Cir. 2002) (clarifying that "our cases have only required deference [to an administrative judge's findings] when an administrative judge was able to observe the demeanor of a testifying witness and, as a result, the administrative judge's findings were explicitly or implicitly based on the demeanor of a witness."); *see also Kopack, Sr. v. NLRB*, 668 F.2d 946, 953 (7th Cir. 1982). Furthermore, for

the same reason that appellate courts are typically deemed to be poor judges of the credibility of witnesses who the appellate courts do not see, credibility determinations by the ALJ are significantly less valuable without the ALJ, during the hearing, observing the demeanor of the parties or witnesses whose credibility is in issue or is to be determined. *See Rice v. Collins*, 546 U.S. 333, 343, 126 S. Ct. 969, 163 L. Ed. 2d 824 (2006) (Breyer, J., concurring) ("The trial judge is best placed to consider the factors that underlie credibility: demeanor, context, and atmosphere."). It is for this reason that "[o]ne must attribute significant weight to an ALJ's findings based on demeanor because neither the Board nor the reviewing court has the opportunity similarly to observe the testifying witnesses." *Kopack*, 668 F.2d at 953. Importantly, "[c]ourts have long recognized the need to accord significant weight to any determinations administrative hearing officers make that are based solely on witness demeanor and credibility." *Calloway v. Memorial Mission Hosp.*, 137 N.C. App. 480, 528 S.E.2d 397, 398-99 (2000) (citing *Ryan v. Commodity Futures Trading Comm'n*, 145 F.3d 910, 918 (7th Cir. 1998) ('The Commission must attribute significant weight to an ALJ's findings based on a witness's demeanor because it does not have the opportunity to observe a testifying witness.'); *NLRB v. Stor-Rite Metal Prods., Inc.*, 856 F.2d 957, 964 (7th Cir. 1988) ("Because only the ALJ can view the demeanor of the witnesses, any of the ALJ's findings that turn on express or implied credibility determinations take on particular significance on review."); *Penasquitos Vill., Inc. v. NLRB*, 565 F.2d 1074, 1078-79 (9th Cir. 1977) ("Weight is given the administrative law judge's determinations of credibility for the obvious reason that he or she 'sees the witnesses and hears them testify, while the Board and the reviewing court look only at cold records.' ") . . .) (citation omitted).

Importantly, the government has a strong interest in conducting in-person courtroom-type or conference room hearings. Any inconvenience or financial cost to the government in conducting a hearing in which the witnesses are testifying in the physical presence of the factfinder is miniscule when compared to the violation of Lee's constitutional right to a fair hearing at which the factfinder can observe the witnesses' demeanor as they testify. Specifically, the costs or travel expenses for ALJs to travel between the islands to conduct administrative hearings would not compromise any government interest or impose any significant burden upon the government because both the Judges of the

Superior Court and the Justices of this Court routinely travel between St. Thomas and St. Croix to hear cases and to conduct judicial proceedings. I find no cogent or plausible reason why it would be an unreasonable burden for ALJs to do likewise. Therefore, a balancing of the three factors predicates that the telephonic hearing did not comport with the procedural due process requirements to which Lee was entitled, which includes a full and fair hearing on the merits of her claim for unemployment benefits. On remand, the Department of Labor is admonished that the use of telephonic hearings for proceedings to determine whether an individual will be granted or denied unemployment benefits may not comport with the procedural due process requirements of the Fourteenth Amendment. Although I conclude that Lee's due process rights were violated under the circumstances of this case, I need not address the issue of whether a telephonic hearing is always or is automatically a violation of an individual's due process rights.

The facts before us do not disclose that the ALJ was able to observe the witnesses by video or other live, visual means when the ALJ considered and ultimately rejected Lee's claim for unemployment benefits. Nor does the record before us confirm that there was a video made of the telephonic hearing and that the video was reviewed by the ALJ before she made her decision in this case. Therefore, the ALJ was in no better position than this Court in determining whether Lee or Hard Rock's representatives were more credible.

## VI. CONCLUSION

This Court lacks jurisdiction to consider the merits of the Government's appeal because the trial court's Order remanding the case to the Department of Labor for further consideration is not a final judgment, a final decree or final order, nor is it an order cognizable under the statutory exceptions allowing interlocutory appeals. Therefore, I would **DISMISS** the Government's appeal for lack of jurisdiction. On remand, however, and separate from the merits of this case, the Department of Labor is cautioned against the use of any proceedings where the ALJ is unable to observe the demeanor of all witnesses testifying at the hearing.